UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:   MICHAEL JACQUES JACOBS,                                    No. 19-12591-j11
         f/d/b/a Michael Jacques Jacobs Photojournalism,

         Debtor.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Motion for Issue/Claim Preclusion ("Motion") filed by DLJ Mortgage Capital, Inc. ("DLJ Mortgage"). *See* Doc. 94. DLJ Mortgage asserts under the *Rooker-Feldman* doctrine and the doctrines of claim preclusion and issue preclusion that Debtor is precluded from challenging DLJ Mortgage's standing to seek stay relief by relitigating certain issues previously litigated and decided in state court. Debtor opposes the Motion on a variety of grounds.[1] For the reasons explained below, the Court determines that issue preclusion prevents Debtor from relitigating whether DLJ Mortgage has standing to seek relief from the automatic stay in this bankruptcy case. Accordingly, the Court will grant the Motion.

FACTS

Debtor Michael Jacques Jacobs filed a voluntary petition under chapter 11 of the Bankruptcy Code on November 13, 2019. *See* Doc. 1. Debtor listed in his bankruptcy schedules an interest in real property located at 800 Calle Divina NE, Albuquerque, New Mexico (the "Property"). Before Debtor filed this bankruptcy case, DLJ Mortgage filed a complaint for in

---

[1] Debtor filed an Amended Objection to Motion for Issue/Claim Preclusion ("Amended Objection"–Doc. 105). The Amended Objection makes corrections to the initial objection and clarifies Debtor's arguments. The Amended Objection also raises additional arguments. The Court has considered Debtor's additional arguments. Because the Court will grant the Motion, it is not necessary to give DLJ Mortgage an opportunity to respond to the Amended Objection.

rem foreclosure of the Property in the Second Judicial District Court, State of New Mexico, County of Bernalillo, styled *DLJ Mortgage Capital, Inc. v. Ruby Handler Jacobs a/k/a Ruby Jacobs, Michael Jacobs, et al.,* Case No. D-2020-CV-2012-09237 (the "State Court Action"). Selene Finance, LP was later added as a plaintiff in the State Court Action. Following a trial on the merits in the State Court Action, the state court entered detailed Findings of Fact and Conclusions of Law on July 13, 2017. *See* Motion, Exhibit 2.[2] The Findings of Fact and Conclusions of Law include the following fact findings:

> The right to enforce the Note was acquired by Plaintiff DLJ Mortgage Capital, Inc. On September 21, 2011, the loan was acquired by Plaintiff DLJ Mortgage Capital, Inc. from U.S. Bank as Trustee for Maiden Trust. Exhibit 2–fact finding ¶ 50.
>
> On January 31, 2012, the Flow Subservicing Agreement (the "Agreement") was entered into between Selene Finance LP, as Servicer, and DLJ Mortgage Capital, Inc. as Company, and Selene CS Participation, LLC as Participant. Exhibit 2–fact finding ¶ 54.
>
> The Agreement provides that Selene Finance LP as servicer was authorized to prosecute foreclosures in its name as servicer on behalf of both DLJ [Mortgage Capital, Inc.] and Selene CS Participation, and an accompanying Limited Power of Attorney authorizing Selene Finance LP, as an agent for DLK [sic] and Selene CS, to effect legal process of foreclosure for DLJ [Mortgage Capital, Inc.] and Selene CS Participation was executed to that effect. Exhibit 2–fact finding ¶ 55.
>
> DLJ [Mortgage Capital, Inc.] and Selene CS Participation own the asset [referring to the note ("Note") and the mortgage ("Mortgage") encumbering the Property] together in its entirely [sic] with each holding a 50% beneficial interest." Exhibit 2–fact finding ¶ 56.
>
> The Mortgage transfer to DLJ Mortgage Capital, Inc. was immortalized through the Assignment of Mortgage dated April 19, 2013 and recorded on May 3, 2011 as Document No. 2011041902 in the records of Bernalillo County. Exhibit 2–fact finding ¶ 59.

The Findings of Fact and Conclusions of Law include the following conclusions of law:

---

[2] The Findings of Fact and Conclusions of Law contain sixty numbered findings of fact and eleven numbered conclusions of law.

> Though the original Note was lost, the Court heard testimony and admitted Exhibits, which establish that Plaintiff has standing to bring the foreclosure suit as a purchaser of the right to enforce the subject loan. Exhibit 2–conclusion of law ¶ 3.
>
> Plaintiffs are declared to be the holders of a first priority lien on the property described in the mortgage, to which the interests of all Defendants herein and all persons claiming under Defendants are subordinate and inferior and said interests should be foreclosed. Exhibit 2–conclusion of law ¶ 7.

After entry of the Findings of Fact and Conclusions of Law, the state court entered a "Final Judgment on the Merits as a Result on the Trial on August 31, 2016, Stipulated *In Rem* Foreclosure Judgment as to Defendant, Jonathan Gitlen, in his Capacity as Personal Representative of the Estate of Howard Gitlen, Deceased, Default Foreclosure Judgment, and Order for Foreclosure Sale" ("State Court Judgment") in the State Court Action on June 5, 2018. Motion–Exhibit 1. The State Court Judgment incorporated the Findings of Fact and Conclusions of Law by reference. Motion–Exhibit 1, p. 2. The State Court Judgment determined that "Plaintiffs are the real parties in interest with regard to the subject Note and under the Uniform Commercial Code, as adopted in New Mexico, is [sic] entitled to enforce said Note and foreclosure [sic] the Mortgage based upon the default of payments on the Note." Motion–Exhibit 1, ¶ C.

On April 4, 2020, DLJ Mortgage filed in this bankruptcy case a Motion for Relief from the Automatic Stay and for the Abandonment of Property; Motion for in rem Relief Pursuant to 362(d)(4) by DLJ Mortgage Capital, Inc. ("Motion for Relief from Stay"–Doc. 27). Debtor objected to the Motion for Relief from Stay on April 27, 2020. *See* Doc. 33. The Court set a final hearing on the Motion for Relief from Stay on August 27, 2020, and fixed a discovery completion deadline of July 31, 2020. *See* Order Resulting from Preliminary Hearing Held May 20, 2020–Doc. 39. Debtor failed to timely complete discovery and to file expert reports and

witness lists, and filed motions to extend time to respond to discovery served by DLJ Mortgage and to extend the discovery period, extend the time to file expert reports and witness lists, and to accept witness and exhibit lists filed out of time. *See* Doc. 62 and Doc. 70. DLJ Mortgage filed a counter-motion seeking to compel Debtor to attend a deposition and to compel Debtor to provide access to the interior of the Property for inspection. *See* Doc. 73. The parties agreed to continue the final hearing on the Moton for Relief from Stay until after the court decided the pending motions. *See* Doc. 79.

On September 16, 2020, the Court held a hearing on Debtor's motions and DLJ Mortgage's motion to compel. Among other things, the Court ruled that Debtor's late filed witness and exhibit lists would be deemed timely filed, ruled on the motion to compel, and set a continued scheduling conference on the Motion for Relief from Stay on September 30, 2020. *See* Doc. 88.

At the continued scheduling conference, held September 30, 2020, DLJ Mortgage asserted that its standing to file the Motion for Relief from Stay had been established by the State Court Judgment. The Court fixed deadlines for DLJ Mortgage to file a motion and for Debtor to file a response regarding that issue. *See* Order Resulting from Preliminary Hearing and Scheduling Conference held September 30, 2020 ("9/30/20 Scheduling Order")–Doc. 93. At the September 30, 2020 scheduling conference, Debtor did not ask to take discovery regarding whether DLJ Mortgage's standing has been established by the State Court Action. On October 21, 2020, DLJ Mortgage timely filed the Motion with supporting authorities alleging that the State Court Judgment barred Debtor from challenging DLJ's Mortgage under *Rooker-Feldman*, claim preclusion and issue preclusion. *See* Doc. 94. Debtor timely filed an objection on

November 15, 2020. *See* Doc. 98. Debtor did not ask the Court for permission to take additional discovery on the issues raised in the Motion either before or after Debtor filed the objection.

DISCUSSION

DLJ Mortgage asserts that *Rooker-Feldman* doctrine, claim preclusion, and issue preclusion bar Debtor from relitigating whether DLJ Mortgage has standing to enforce the Note and Mortgage.[3]

I. **Threshold Issues Raised in Debtor's Objections**

Debtor raises the following arguments in opposition to the Motion asking the Court to deny the Motion without reaching the merits of whether the *Rooker-Feldman* doctrine, claim preclusion, or issue preclusion establish DLJ Mortgage's standing to seek stay relief: 1) DLJ Mortgage's preclusion arguments are untimely; 2) DLJ Mortgage has not filed a proof of claim in this bankruptcy case, so it is not a party in interest; and 3) DLJ Mortgage is not entitled to seek relief from the automatic stay because at most it only holds a 50% interest in the underlying Note, and the alleged co-owner has not joined in the Motion for Relief from Stay. The Court will address these threshold issues before examining DLJ Mortgage's *Rooker-Feldman*, claim preclusion, and issue preclusion arguments.

---

[3] In addition to arguing the *Rooker-Feldman* doctrine, DLJ Mortgage refers in its Motion to both issue preclusion and claim preclusion, but only recites the elements for claim preclusion. Debtor likewise recites the elements for claim preclusion in opposing the Motion. *See* Doc. 98. Debtor's Amended Objection to Motion for Issue/Claim Preclusion addresses both claim preclusion and issue preclusion. *See* Doc. 105. The applicable preclusion doctrine is issue preclusion, not claim preclusion, because the claim at issue in the state court action seeking to foreclose the Property is different from the claim seeking to modify the automatic stay in Debtor's bankruptcy case. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'") (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).

A. *Timeliness of DLJ Mortgage's Preclusion Arguments*

Debtor asserts that DLJ Mortgage waived its preclusion arguments because it failed to timely assert them. Debtor complains further that he could have addressed such arguments through discovery had DLJ Mortgage timely asserted its issue preclusion arguments and questions the timing of the Motion which DLJ Mortgage filed after it filed the Motion for Relief from Stay.

Debtor raised the issue of DLJ Mortgage's standing at a preliminary hearing on the Motion for Relief from Stay held on May 20, 2020.[4] DLJ Mortgage would have no reason to raise its preclusion arguments until after Debtor challenged its standing to file the Motion for Relief from Stay. Following that hearing, the Court issued a scheduling order which fixed a discovery completion deadline of July 31, 2020. *See* Order Resulting from Preliminary Hearing Held May 20, 2020–Doc. 39. The Court did not hold the final hearing on the Motion for Relief from Stay originally scheduled for August 27, 2020 for several reasons.[5] Instead, the Court held a continued preliminary hearing and scheduling conference on September 30, 2020. At that hearing, the Court suggested that if DLJ Mortgage intended rely on documents filed in the State Court Action to establish its standing to file the Motion for Relief from Stay, DLJ Mortgage should file a separate motion and brief. As a result of that hearing, the Court fixed a deadline for DLJ Mortgage to respond to Debtor's outstanding discovery requests and to file a motion and brief on its standing to file the Motion for Relief from Stay. *See* 9/30/20 Scheduling Order–Doc.

---

[4] *See also* Objection to Motion for Relief from the Automatic Stay and for the Abandonment of Property; Motion for in Rem Relief Pursuant to 362(d)(4) by DLJ Mortgage Capital, Inc., ¶ 3–Doc. 33 ("Debtor asserts that Creditor does not have standing under New Mexico law to enforce the Note and Mortgage.").
[5] DLJ Mortgage failed to serve its Motion for Relief from Stay on the twenty largest unsecured creditors as required by Bankruptcy Rule 4001(a). *See* Scheduling Order–Doc. 82. Debtor missed the deadline to file his witness list and expert report. *See* Doc. 62 and Doc. 70. DLJ Mortgage filed a motion to compel Debtor's attendance at a deposition and to compel access to the interior of the Property. *See* Doc. 73.

93. Debtor had the opportunity to ask for additional discovery on the preclusion issues at the scheduling conference held September 30, 2020 and thereafter, but did not do so. Nor has Debtor explained why additional discovery would be necessary to respond to the Motion. DLJ Mortgage timely filed the Motion per the Court's 9/30/20 Scheduling Order. The Court finds that the Motion was timely.

B.   *Party in Interest*

Debtor argues that DLJ Mortgage does not have standing to file the Motion for Relief from Stay because it had not filed a proof of claim in this bankruptcy case before filing its Motion for Relief from Stay and therefore is not a party in interest. Section 362(d)[6] authorizes a "party in interest" to request relief from the automatic stay.[7] "Party in interest" is not defined for purposes of seeking stay relief, but courts have concluded that "to invoke the court's power to award relief under § 362(d), a party must be either a creditor or a debtor of the bankruptcy estate. *In re Miller*, 666 F.3d 1255, 1261 (10th Cir. 2012). The Bankruptcy Code defines "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor[.]" § 101(10)(A). "Claim" means a "right to payment" regardless of whether the right to payment has been "reduced to judgment, liquidated, unliquidated, fixed, contingent,... disputed... secured, or unsecured[.]" § 101(5)(A).

DLJ Mortgage claims a lien against the Property to secure a debt reduced to judgment in state court. A party need not timely file a proof of claim to preserve and enforce its lien. *See In re Boucek*, 280 B.R. 533, 538 (Bankr. D. Kan. 2002) ("[A] creditor does not lose its lien by failing to file a timely proof of claim . . . ."). Regardless of whether DLJ Mortgage timely filed a proof

---

[6] All statutory references in this Memorandum Opinion are to title 11 of the United States Code.
[7] Debtor cites § 1109 regarding "party in interest" status. That section applies to chapter 11 cases and includes a creditor as a "party in interest" that may raise, appear, and be heard on any issue in a chapter 11 case.

-7-

of claim, it is a party in interest entitled to file a motion for relief from stay. Moreover, after filing the Motion for Relief from Stay, DLJ Mortgage did timely file a proof of claim in Debtor's chapter 11 bankruptcy case. *See* Claim No. 6. DLJ Mortgage is a party in interest entitled to file a motion for relief from stay.

    C.    *Failure to Join a Party*

Debtor contends that DLJ Mortgage must join Selene Finance LP, co-owner of the Note and Mortgage.[8] DLJ Mortgage seeks to enforce its in rem interests in the Property. DLJ Mortgage need not join the co-owner of the Note and Mortgage in seeking relief from stay to enforce DLJ Mortgage's own interest in the Note and Mortgage. It is DLJ Mortgage's own interest that entitles it to seek relief from the automatic stay. It is not necessary for the moving party in a contested matter seeking stay relief to join all persons holding an interest in the asset with respect to which stay relief is requested.[9]

    **II.**    **The Preclusive Effect of the State Court Judgment Establishes that DLJ Mortgage Has Standing to Seek Stay Relief.**

Having overruled Debtor's threshold objections, the Court will address whether Debtor is otherwise precluded from litigating whether DLJ Mortgage has standing to prosecute the Motion for Relief From Stay under the *Rooker-Feldman* doctrine or issue preclusion principles.

    A.    *The Rooker-Feldman Doctrine Does Not Apply*

Under the *Rooker-Feldman* doctrine, a lower federal court may not effectively act as an appellate court to review a state court decision. *Merrill Lunch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004). However, because the *Rooker-Feldman* doctrine prevents

---

[8] The state court found that Selene Finance LP is a servicer, not a co-owner, of the Note and Mortgage. The state court found that Selene CJ Participation is the co-owner of the Note and Mortgage and that Selene Finance LP had authority to foreclose the Mortgage on behalf of Selene CJS Participation. *See* Motion, Exhibit 2–fact finding ¶¶ 54 and 56.

[9] The Court notes that Fed.R.Bankr.P. 7019 regarding joinder of persons needed for a just determination does not apply to motions for relief from stay, which are contested matters governed by Fed.R.Bank.P. 9014.

-8-

Case 19-12591-j11    Doc 117    Filed 02/04/21    Entered 02/04/21 09:45:23 Page 8 of 13

state court losers from seeking a review and rejection of a state court judgment in federal court, it does not apply to the pending motion for relief from stay filed by DLJ Mortgage, the state court "winner." *See Miller*, 666 F.3d at 1261 (explaining that although the debtors lost their argument regarding creditor's standing in state court and raised similar defenses to creditor's subsequent motion for relief from stay, *Rooker-Feldman* did not apply to creditor's request for stay relief). Rather, issue preclusion is the proper doctrine. *Miller*, 666 F.3d at 1261 ("[A]ttempts merely to relitigate an issue determine in a state case are properly analyzed under issue or claim preclusion principles rather than *Rooker-Feldman*.").

      B.      *Claim Preclusion Does Not Apply*

"[C]laim preclusion . . . prevent[s] a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (citation omitted); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979) (claim preclusion "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.") (citations omitted).[10] DLJ Mortgage could not have asserted a claim for relief from the automatic bankruptcy stay in the State Court Action because a creditor's claim for relief from the automatic stay exists only after a debtor files a bankruptcy petition. Debtor commenced his bankruptcy case after the state court issued its foreclosure judgment. Further the bankruptcy court has exclusive jurisdiction over requests to modify the automatic stay. *Wohleber v. Skurko (In re Wohleber)*, 596 B.R. 554, 571-72 (6th Cir. BAP 2019) ("[B]ankruptcy courts have the exclusive jurisdiction to grant relief from the stay.") (citing *Cathey v. Johns-Manville*

---

[10] "Federal law and New Mexico law are consistent on the general standards governing claim preclusion." *Potter v. Pierce*, 2015-NMSC-002, ¶ 10, 342 P.3d 54, 57 (2015) (citation omitted).

*Sales Corp.*, 711 F.2d 60, 62 (6th Cir. 1983)), *appeal dismissed,* No. 19-3223, 2020 WL 6781237 (6th Cir. Nov. 18, 2020). Claim preclusion, therefore, does not apply.

      C.      *The Elements for Issue Preclusion have been Satisfied*

Because a federal court is required "to give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered,"[11] the Court applies the issue preclusion principles of the state in which the judgment was entered. *See Martin v. Hauck (In re Hauck)*, 466 B.R. 151, 161 (Bankr. D. Colo. 2012) (the court looks to the preclusion law of the state where the judgment was entered), *aff'd,* 489 B.R. 208 (D. Colo. 2013), *aff'd*, 541 F. App'x 898 (10th Cir. 2013). Under New Mexico law, the party asserting issue preclusion must establish the following: 1) the parties in the first suit must be the same or in privity with the parties in the second lawsuit; 2) the first and second suit assert different causes of action; 3) the issue or fact was "actually litigated" in the first suit; and 4) the issue was necessarily determined in the first suit. *Blea v. Sandoval*, 1988-NMCA-036, ¶ 18, 107 N.M. 554, 559, 761 P.2d 432, 437 (citation omitted). The issue must have been actually litigated and necessarily determined in a final judgment. *State ex rel. Martinez v. Kerr-McGee Corp.*, 1995-NMCA-041, ¶ 13, 120 N.M. 118, 122, 898 P.2d 1256, 1260; *Morgan v. Mladek (In re Mladek)*, Adv. No. 17-01047-t, 2019 WL 2179715, at *4 (Bankr. D.N.M. May 17, 2019) ("'Necessarily determined' means the issue was determined as part of a final judgment.") (citing Restatement (Second) of Judgments, § 27). Federal issue preclusion law likewise applies only "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment,

---

[11] *Jiron v. City of Lakewood*, 392 F.3d 410, 415 (10th Cir. 2004) (explaining the effect of the Full Faith and Credit Act, 28 U.S.C. § 1738); *see also Sanders v. Crespin (In re Crespin)*, 551 B.R. 886, 895 (Bankr. D.N.M. 2016) ("In bankruptcy court, the general rule is that the court 'must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'") (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).

and the determination is essential to the judgment." *Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249, 1251 (10th Cir. 2009) (quoting *Arizona v. California*, 530 U.S. 392, 414 (2000) (quoting Restatement (Second) of Judgments § 27, at 250 (1982))).

DLJ Mortgage has established all the required elements for issue preclusion with respect to the State Court Judgment. First, DLJ Mortgage and Debtor were both parties to the State Court Action and are parties to the pending Motion for Relief from Stay. Debtor asserts that DLJ Mortgage has not established that it is the same party that obtained the judgment in the State Court Action. But the State Court Judgment identifies DLJ Mortgage in the caption. And the Findings of Fact and Conclusions of Law together with the State Court Judgment establish that DLJ Mortgage is a holder of the Note and Mortgage. Second, the State Court Action and the Motion for Relief from Stay assert different causes of action. Third, the State Court Judgment was entered following a trial on the merits. Thus, the facts determined in the State Court Judgment relating to whether DLJ Mortgage is a holder of the Note and has standing to foreclose the Mortgage were actually litigated. Debtor counters that the facts were not actually litigated in the State Court Action because Debtor has new evidence not available at the time of trial that the state court did not consider. Newly discovered evidence may serve as a basis for Debtor to seek relief from the State Court Judgment in the State Court Action under NMRA, Rule 1-060(b)(2), but it does not establish that the issues were not actually litigated in the State Court Judgment.

Finally, the issue of DLJ Mortgage's entitlement to enforce the Note and Mortgage was necessarily determined by a final judgment entered in the State Court Action. The facts determined in the State Court Judgment relating to whether DLJ Mortgage is a holder of the Note and has standing to foreclose the Mortgage were necessary to the Court's decision. Moreover, the State Court Judgment is a final judgment. "New Mexico courts generally consider a

judgment final when 'all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible.'" *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 17, 140 N.M. 920, 926, 149 P.13 1017, 1023 (quoting *Principal Mut. Life Ins. Co. v. Straus*, 1993-NMSC-058, ¶ 6, 116 N.M. 412, 413, 863 P.2d 447, 448). The State Court Judgment adjudicated the rights of DLJ Mortgage and Debtor with respect to the Property and provided for foreclosure of the Mortgage.

Debtor contends that the State Court Judgment is not a final judgment because Debtor has filed an appeal of that judgment. A pending appeal does not automatically render a judgment non-final for issue preclusion purposes. *See* Restatement (Second) of Judgments § 13 (1982) ("[F]or purposes of issue preclusion . . . 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."). "[A] final judgment retains all of its res judicata consequences pending decision of the appeal, apart from the virtually nonexistent situation in which the 'appeal' actually involves a full trial de novo." 18A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice & Procedure: Jurisdiction 2d § 4233. *See also* Restatement (Second) of Judgments § 13, Comment f. (1982) ("The better view is that a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo . . . ."). The Tenth Circuit acknowledges that a judgment pending appeal "nevertheless is conclusive until set aside." *Roberts v. Anderson*, 66 F.2d 874, 875 (10th Cir. 1933).

State law controls whether the State Court Judgment should be given preclusive effect despite Debtor's appeal of that judgment. Preclusion doctrine under New Mexico law is not divergent from federal preclusion law, and both New Mexico and federal courts find the Restatement (Second) of Judgments (1982) persuasive authority. *Moffat v. Branch*, 2005

NMCA-103, ¶ 12, 138 N.M. 224, 228, 118 P.3d 732, 736. There is no suggestion that the appeal of the State Court Judgment will be conducted as a de novo trial on the merits. Thus the State Court Judgment remains final and is entitled to preclusive effect notwithstanding the appeal. *See Klaassen v. Atkinson*, 348 F. Supp. 3d 1106, 1161 (D. Kan. 2018) ("[B]oth federal and state courts hold that a pending appeal does not affect the judgment's finality.") (citation omitted).

The Court therefore concludes, based on issue preclusion, that Debtor is precluded from challenging DLJ Mortgage's standing to seek relief from the automatic stay to enforce the State Court Judgment. The Court will enter a separate order consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: February 4, 2021

COPY TO:

James Clay Hume
Hume Law Firm
PO Box 10627
Alameda, NM 87184-0627

Michael D. Mazur
Elizabeth Dranttel
Attorneys for DLJ Mortgage Capital, Inc.
Rose L. Brand & Associates, PC
7430 Washington Street NE
Albuquerque, NM 87102