UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: MICHAEL JACQUES JACOBS,            Case No. 19-12591-j11

        Debtor.

## **SCHEDULING ORDER**

       This matter came before the Court for a preliminary hearing held February 24, 2021 on the Motion for Relief from the Automatic Stay and for the Abandonment of Property; Motion for In Rem Relief Pursuant to 362(d)(4) by DLJ Mortgage Capital, Inc. ("Motion for Stay Relief"), Docket No. 27. Elizabeth Dranttel appeared for DLJ Mortgage Capital, Inc. ("DLJ"), and James Hume appeared for the Debtor. Jaime Pena appeared on behalf of the United States Trustee. At the hearing, counsel for DLJ requested the Court to schedule a hearing on the Objection to Claim #6 (DLJ Mortgage Capital, Inc.) ("Claims Objection"), Docket No. 96, at the same time as the final hearing on the Motion for Stay Relief. Counsel for Debtor agreed to setting both hearings at the same time.

IT IS HEREBY ORDERED:

       1. <u>Final Hearing Date and Time</u>. A final hearing on the Motion for Stay Relief and on the Claims Objection shall be held on **April 22, 2021** at **9:30 a.m.** in the Gila Courtroom, 5th Floor, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, New Mexico. One day has been set aside for the hearing. Counsel, parties, and witnesses may appear in person at the final hearing or by Zoom video.[1] Requests to appear by Zoom video must be made by counsel of record and filed of record by **April 15, 2021**. Requests to appear by Zoom video must identify who will be appearing by Zoom video, including any witnesses. If such a request is timely made, the Court will email the Zoom information, including a Zoom link, to counsel of record. It is the responsibility of counsel to provide their clients and/or witnesses the Zoom link prior to the final hearing.

       (a)     Counsel may only share the Zoom link with their clients and with witnesses. Parties and witnesses **may not** share the Zoom link with others.

       (b)     It is counsels' responsibility to ensure that they and their witnesses have the proper equipment to attend the hearing by Zoom video. The Court is not responsible for providing tech-support to counsel, parties, or witnesses.

       (c)     Counsel, parties, and witnesses are strictly prohibited from recording any court proceeding held by Zoom video, including taking screen shots or other visual copies. Violation of this prohibition may result in sanctions.

---

[1] All counsel who appeared at the preliminary hearing consented to all parties, counsel and witnesses appearing, and any and all witnesses testifying, at the final hearing by Zoom video.

2. <u>Discovery Completion Deadline</u>. The discovery period relating to the Stay Relief Motion has expired. *See* Doc. 39 (fixing a discovery completion deadline of July 32, 2020) and Doc. 93 (extending the deadline for DLJ to respond to discovery to October 21, 2020). All discovery relating to the Claims Objection shall be completed by **March 31, 2021**. The deadline to respond or object to written discovery requests is shortened to 14 days from the date of service. Written discovery shall be timely only if served soon enough to allow the other parties to respond before the discovery completion deadline. Deposition discovery shall be timely only if the deposition is scheduled to take place before the discovery completion deadline.

3. <u>Witnesses.</u>

(a) No later than **April 8, 2021**, the parties shall file and serve a list of persons the party expects to call to testify at the final hearing on the Claims Objection, except for rebuttal witnesses that cannot be reasonably anticipated. If the parties wish to file amended witness lists relating to the Motion for Stay Relief, then, no later than **April 8, 2021**, the parties shall file and serve an amended witness list of the persons the party expects to call to testify at the final hearing on the Motion for Stay Relief, except for rebuttal witnesses that cannot be reasonably anticipated. The Court may exclude from testifying any witnesses not listed as required.

(b) Any witness excluded under Fed.R.Evid. 615 from hearing other witnesses testify will be placed in a Zoom break out or wait room prior to testifying (or the Court may impose a similar safeguard to ensure the rule is followed).

4. <u>Exhibits</u>.

(a) <u>Exhibit Lists/Exchanging Exhibits</u>. No later than **April 8, 2021**, the parties shall file and serve a list of exhibits relating to the Claims Objection, and, if a party wishes, shall file and serve an amended exhibit list relating to the Motion for Stay Relief, and shall exchange all exhibits, except for rebuttal exhibits that cannot reasonably be anticipated. The Court generally will exclude exhibits not exchanged as required.

(b) <u>Marking Exhibits/Numbering Pages/Exhibit Index</u>. DLJ's exhibits are to be marked with numbers, and Debtor's exhibits with letters. Each page of any multiple-page exhibit shall be numbered. Exhibits shall be accompanied by an Index of Exhibits, listing each exhibit by number or letter and a brief description or name of each exhibit.

(c) <u>Exhibits to the Court</u>. Prior to commencement of the hearing, (i) if a party expects to call one or more witnesses who will appear in person in the courtroom to testify, the party shall provide three copies of the party's exhibits to Chambers (one for the Court; one for the Court's law clerk; and one for the witness(es)). However, if all witnesses a party may call will appear by Zoom video, the party need only provide two copies of the party's exhibits to Chambers (one for the Court and one for the Court's law clerk). If a party intends to proffer more than five exhibits, then the exhibits provided to the Court shall be tabbed and bound in three-ring binders or by some similar binding.

(d) _Exhibits to the Witnesses_. If a party expects to or may call one or more witnesses to testify by Zoom video, then, at least two days prior to the commencement of the hearing, the party shall provide a hard copy of both the DLJ's and Debtor's exhibits to each such witness. The exhibits must be organized in such a way that they are readily accessible by the witness during the hearing.

(e) _Rebuttal Exhibits_. The Court may take short recesses, if necessary, for counsel to email rebuttal exhibits to the Court and other witnesses. Counsel must ensure that counsel's witnesses will have access to a printer during the hearing to print any rebuttal exhibits or the ability to view rebuttal exhibits on the screen used to appear at the hearing while testifying by video.

(f) _Authentication/Admission by Stipulation._ Any counsel requiring authentication of any exhibit must so notify in writing the offering counsel within seven days before the final hearing date, or objection to authenticity will be waived. The parties shall be prepared to notify the Court at the beginning of the hearing which exhibits can be admitted into evidence by stipulation.

(g) _Official Exhibit Set._ Consistent with NM LBR 9070-1, the Court will retain custody of one set of exhibits submitted to the Court as the official exhibit set to preserve the record in case of appeal.

5. _Safeguards_. Prior to the final hearing, counsel shall advise all witnesses counsel expects to call to testify at the final hearing by Zoom video of the following:

> Testifying by Zoom video should be as close as possible to testifying in person in the courtroom. Other than exhibits for the hearing, witnesses should not have any notes or other materials with them for reference during their testimony (unless authorized by the Court during the hearing to refresh the witness' recollection consistent with Fed. R. Evid. 612), including cell phones, tablets or other electronic devices other than the device used to attend the hearing. Nor should witnesses have any person other than counsel present in the room when they testify. Coaching by persons off-camera is strictly prohibited.
> For security reasons, witnesses are not to share the Zoom link with others.

6. _Motion for Reconsideration – Response and Reply Deadlines._ Counsel for Debtor advised the Court at the preliminary hearing that Debtor is considering filing a motion under Fed.R.Civ.P. 60(b), made applicable to contested matters by Fed.R.Bankr.P. 9024, requesting relief from and reconsideration of the Court's Memorandum Opinion (Doc.117) and Order Granting Motion for Issue/Claim Preclusion (Doc.118). If the Debtor files such a motion, the response deadline is shortened to 14 days from the date of service, and the optional reply deadline is shortened to 7 days from service of the response.

_/s/ Robert H. Jacobvitz_
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: February 25, 2021

COPY TO:

James Clay Hume
Attorney for Debtor
Hume Law Firm
PO Box 10627
Alameda, NM 87184-0627

Elizabeth Dranttel
Attorney for DLJ Mortgage Capital, Inc.
Rose L. Brand & Associates, PC
7430 Washington Street NE
Albuquerque, NM 87102

Jaime A. Pena
Office of the U.S. Trustee
P.O. Box 608
Albuquerque, NM 87103-0608