Debtor Name: Michael Jacques Jacobs f/d/b/a Michael Jacobs Photojournalism    Case number: 19-12591-j11

# Exhibit A

**Proposed Plan of Reorganization**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Michael Jacques Jacobs
f/d/b/a Michael Jacobs Photojournalism

Debtor. No. 19-12591-j11

☐ Check if this is an amended filing

## DEBTOR'S REORGANIZATION PLAN, DATED SEPTEMBER 30, 2021

### ARTICLE 1
### SUMMARY

This Reorganization Plan (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay affirmed creditors of Michael Jacques Jacobs, f/d/b/a Michael Jacobs Photojournalism. (the "Debtor") from an orderly distribution of the Debtor's current monthly income and operations, a rental property, future income and from litigation settlements. The Debtor is an individual with a small business who has been generally in operation for over 50 years.

As stated in 11 U.S.C. § 1184, Rights and Powers of a Debtor in possession, the Debtor shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all functions and duties, except the duties specified in paragraphs (2), (3), and (4) of section 1106(a) of this title, of a trustee serving in a case under this chapter, including operating the business of the debtor.

This Plan provides for:
- Two (2)  Classes of priority security claims;
- Two (2)  Classes of security claims;
- One (1)  Class of priority unsecured claim;
- Four (4)  Classes of non-priority unsecured claims

This Plan provides that the Debtor in Possession shall remain the Reorganization Debtor and retain possession and operation of his business and in possession of all the estate's assets including Debtor's principal residence, namely 800 Calle Divina NE, Albuquerque, NM 87113 (the "Property").

This Plan has one disputed secured real estate Proof of Claim claimant in Class 1A, DLJ Mortgage Capital, Inc. ("DLJ") with a total claim of $497,457.45. However, this claimant is a 50% beneficiary with the Class 1B 50% beneficiary, Selene CS Participation, LLC ("Selene CS") having not entered this instant case and has not filed a separate Proof of Claim. Debtor has filed a now pending 60(b) motion on the Proof or Claim submitted by DLJ. In using the full amount of this DLJ claim, the typical foreclosure sale ranges between 60-70% of the Proof of Claim which would be approximately $298,000.00 to $347,000.00. Debtor is currently seeking mediation to determine a compromise of final numbers that would be more than creditor would likely receive at a foreclosure sale. In the interest of fairness, and to clear the books and start afresh, Debtor is willing to take on additional debt and therefore proposes a new fixed rate principal and interest only loan, without escrow payments (See § 4.01). Debtor's income is stable and will not go down but will only increase yearly. Therefore, Debtor will be able to fulfill the requirements of this Plan.

As a 100% disabled veteran, Debtor has suffered tremendous stress over this unsettled Class 1 claim which has hindered Debtor's reorganization of his business. Moreover, in light of Debtors

numerous attempts to settle the dispute, and if not settled by this Plan, the litigation would return to the Court of Appeals. Moreover, the State foreclosure judgment obtained by co-Plaintiffs DLJ, and non-party Selene Finance, LP ("Selene LP") specifically states that "That Plaintiffs have *in rem* judgment as to Defendants, Ruby Handler Jacobs and Michael Jacobs, and recover (sic) as to the Property the total sum of $442,555.93 consisting of the following:" The judgment neither did specifically nor non-specifically award creditors any arrearages. However, if arrearages are allowed, then Debtor will organize payments in mediation.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately five (5) cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE 2
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    **Class 1A:** All allowed secured claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2)). This class consists of a disputed claim:
- Fifty percent beneficiary DLJ Capital Mortgage, Inc.

2.02    **Class 1B:** All allowed secured claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2)). This class consists of a disputed claim:
- Fifty percent beneficiary Selene CS Participation, LLC.

2.03    **Class 2A:** All allowed secured claims entitled to priority under § 506 of the Code. This class consists of a disputed lien:
- Vista del Norte Homeowner's Association ("VDN")

2.04    **Class 2B:** All allowed secured claims entitled to priority under § 506 of the Code. This class consists of a disputed lien:
- Jefferson County Property Tax Collector, Oregon ("JeffCo")

2.05    **Class 3:** Unsecured Claim entitled to priority under 11 U.S.C. §507(a). This class will be impaired by the Plan:
- New Mexico Department of Taxation and Revenue ("NMTRD")

2.06    **Class 4A:** Non-priority unsecured claims of non-insiders allowed under § 502 of the Code. This class will be impaired by the Plan. Upon confirmation of the Plan, this class will include an allowed claim for a proposed percentage portion of the claim:
- Acar Leasing Ltd *d/b/a* GM Financing Leasing

    2.07   **Class 4B:** Non-priority unsecured claims of non-insiders allowed under § 502 of the Code. This class will be impaired by the Plan. Upon confirmation of the Plan, this class will include an allowed claim for a proposed percentage portion of the claim:
- Capital One Auto Finance

    2.08   **Class 4C:** Non-priority unsecured claims of non-insiders allowed under § 502 of the Code. This class will be impaired by the Plan as the claim does not belong to Debtor:
- LVNV Funding, LLC; Resurgent Capital Services

    2.09   **Class 4D:** All allowed secured claims entitled to priority under § 506 of the Code. This class consists of a disputed lien:
- Crooked River Ranch Homeowner's Association ("CCR")

## ARTICLE 3
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

    3.01   **Unclassified Claims.** Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

    3.02   **Administrative Expense Claims.** Each holder of an administrative expense claim allowed under § 503 of the Code ("Administrative Expense Claim") will be paid in full, in cash, on the later of the Effective Date of this Plan (as defined in Article VII) or the date that the claim is allowed, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. All allowed Fee Requests shall be paid in the amount determined by an Order of the Bankruptcy Court approving such Fee Requests, or as may otherwise be agreed upon in writing between the Debtor and each such Claimant. If any Administrative Claimant objects to this form of payment, the Debtor will pay the full allowed Administrative Claim promptly or as funds become available, upon entry of an order from the Court allowing such claim.

The following chart lists the Debtor's estimated administrative expenses, and his proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After Petition Date | $2,000.00 (estimated) | Paid in ordinary course. Ordinary expenses are paid when due. |
| The Value of Goods Received in the Ordinary Course of Business Within 20 Days Before the Petition Date | $0.00 | None |
| Unpaid professional Fees, as approved by the Court<br><br>Debtor's Counsel | $0.00<br><br>$0.00 | Fees due to Debtor's professionals will be paid The Court in accordance with § 503 of the Code, or as otherwise agreed and will incur 1% monthly interest on the unpaid balance beginning on the later of the Effective Date or the date the professional's fee application is approved. |
| Office of the US. Trustee Fees | $250.00 | Quarterly Trustee Fees will be paid current. |
| TOTAL | $2,250.00 | |

3.03    **Priority Tax Claims**. As of the Effective Date, Debtor states that he does not owe any taxes. However, if it is determined that there are any holders of allowed Claims entitled to priority under §507(a)(8) of the Bankruptcy Code ("Priority Tax Claims") shall be paid as funds become available and shall bear interest at the statutory rate. All allowed Priority Tax Claims shall be paid as funds become available, within 60 months of the Petition Date, as required by 11 U.S.C. § 1129 (a)(9)(c).

3.04    **Statutory Fees**. All fees required to be paid by 28 U.S.C. §1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

3.05    **Prospective Quarterly Fees**. All fees required to be paid by 28 U.S.C. §1930(a)(6) or (a)(7) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.

## ARTICLE 4
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    **Claims and interests**. Shall be treated as follows under this Plan:

| Class # | Description | Insider? (Yes/No) | Impairment | Treatment |
|---|---|---|---|---|
| Class 1A | **Priority secured claim:** excluding in Article 3<br><br>Fifty percent beneficiary DLJ | No | Impaired | Class 1A is impaired by this Plan. DLJ currently solely claims $497,457.45 when it is entitled to 50% beneficiary interest. Proof of Claim is disputed. However, Debtor proposes a new 30-year loan of $400,000.00 (80% of claim) and will provide $30,000.00 as a down payment leaving a loan amount of $370,000.00. Current interest rate range between 1.9% and 2.5%. Debtor is willing to pay up to 2.8% interest with the monthly payments of $1,520 principal and interest only without escrow would be due. Debtor does not pay property tax and he is paying for home insurance. An amended loan amount and/or interest rate could be entered through mediation. If sold at auction, creditor would most likely realize less than $400,000 and this is why Debtor is making the offer above. Debtor will seek a new loan company when that option becomes available, or DLJ/Selene CS could sell the loan. Debtor shall pay agreed upon monthly mortgage payments of principal and interest. The State Court judgment of $442,555.93 did not award any arrearages to the plaintiffs. |

| Class 1B | Priority secured claim: excluding in Article 3<br><br>Fifty percent beneficiary Selene CS | No | Impaired | Class 1B is impaired by this Plan. Please see Class 1A above. |
|---|---|---|---|---|
| Class 2A | Secured Claim:<br>*HOA:*<br>Vista del Norte Association (VDN) | No | Impaired | Claim: $2,901.00 [lien is $1,177.00] Debtor has been making annual dues payments post-petition and will make all pre-petition HOA dues payments that have not yet been paid, pro rata over a three-year period. Impairment is due to excessive charges, fees and fines for items not disclosed to Debtor. Debtor is proposing the removal of such fines and fees. Debtor requests that Court order VDN to cease continued fining for a remedy not able to be satisfied until Property is settled. |
| Class 2B | Secured Claim:<br>*Property Tax:*<br>Jefferson County Tax Collector (Oregon) | No | Impaired | Claim: $13,715.09 [Principal: $10,357.67] Debtor has been making monthly payments towards the balance due for approximately 16 months equaling $5,153.75. While keeping current, Debtor proposes payment of back Advalorem over a period of 5 years. However, upon increase of income, Debtor will pay-off earlier. Debtor requests removal of Interest, or payments of 5% of the Interest. Tax clerk is unavailable until approximately 10/15/2021 to provided update accounting. |
| Class 3 | Priority Unsecured Claim:<br>New Mexico Department of Tax and Revenue | No | Impaired | Priority Unsecured and amount claimed is zero. Debtor also claims that he does not owe any past taxes. Additional documents attached to the claim are incorrect as Debtor is listed as a wrong party. |
| Class 4A | Non-priority unsecured claim:<br>Acar Leasing Ltd *d/b/a* GM Financing Leasing | No | Impaired | Claim: $7,563.20 Claimant repossessed the auto collateral. Claimant has re-sold the collateral and has already discharged the debt. Impairment is due to excessive charges and an objection has been filed to their Proof of Claim. Debtor proposes 5% of claim or discharge. |
| Class 4B | Non-priority unsecured claim:<br>Capital One Auto Finance | No | Impaired | Claim: $6,924.70 Claimant repossessed the auto collateral. Claimant has re-sold the collateral and has already discharged the debt. Impairment is due to excessive charges and an objection has been filed to their Proof of Claim. Debtor proposes 5% of claim or discharge. |

| | | | | |
|---|---|---|---|---|
| Class 4C | Non-priority unsecured claim: LVNV Funding, LLC; Resurgent Capital Services | No | Impaired | Claim: $8,890.10 [Debtor requests discharge] Claimant did not provide documentation showing any debt owed by Debtor. This claim is stale dated and the wrong party. Therefore, this claim is void. An objection to Proof of Claim filed. |
| Class 4D | Non-priority unsecured claim: HOA Crooked River Ranch Association (Oregon) | No | Impaired | Claim: $1,792.36 (lien is $810.14) Debtor has not been making annual dues payments post-petition as he has not received any invoicing from Claimant. Debtor proposes to make all pre-petition and post-petition dues payments that have not yet been paid, pro rata over a five-year period. Impairment is due to excessive charges and an objection has been filed to their Proof of Claim. |

4.02    **Cramdown.** If any impaired Class votes to reject this Plan, the Debtor reserves the right to request that the Bankruptcy Court confirm the Plan under the "cramdown" provisions of 11 U.S.C. § 1129(b). Among the conditions for a cramdown is the requirement that the plan be "fair and equitable" with respect to each class of impaired unsecured claims that has not accepted it, 11 U.S.C. § 1129(b)(1). A plan may be found to be fair and equitable with respect to a class of unsecured claims if "the holder of any claim…junior to the claims of such class will not receive or retain under the plan on account of such junior claim…any property." 11 U.S.C. § 1129(b)(2)(B)(ii).

## ARTICLE 5
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01.    **Disputed Claim.** A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

A dispute that is not on the Rule 7001 list and does not require full-scale litigation can proceed as a "contested matter." Debtor's objection to claimant's filed Proof of Claims is enumerated in the following list:

| Cl# | Name | Objection | Disputed | Proof of Claim |
|---|---|---|---|---|
| 1 | Crooked River Ranch Assn | Objection filed 09/21/2021 | Yes | $1,792.36 |
| 2 | AmeriCredit/GM Financial | Objection filed 09/13/2021 | Yes | $7,563.20 |
| 3 | Capital One Auto Finance | Objection filed 09/13/2021 | Yes | $6,924.70 |
| 4 | Resurgent Capital | Objection filed 09/13/2021 | Yes | $8,890.10 |
| 5 | NM Tax and Revenue | | Yes | $0.00 |
| 6 | DLJ Mortgage Capital, Inc | Objection refiled 09/13/2021 | Yes | $497,457.45 |

| Unfiled Proof of Claims | | | |
|---|---|---|---|
| - | Jefferson County Tax | | Yes | $13,715.09 |
| - | VDN Homeowners Assn | | Yes | $2,901.00 |

5.02  **Delay of Distribution on a Disputed Claim**. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. A disputed claim that is not so allowed shall receive no payment under the Plan and shall be discharged in full.

5.03  **Power to Object to, Litigate, and Settle Disputed Claims**. After the Effective Date, the Debtor, as the "Reorganization Debtor," shall have the sole power and authority (1) to object to Claims and (2) to litigate any Claim or Interest to Final Order, to settle and compromise any Claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure and withdraw any objection to any Claim (other than a Claim deemed allowed pursuant to the Plan or allowed pursuant to a Final Order).

5.04  **Deadlines for Filing Claims**.

   (a) Bar Dates for Claims and Interests (Other Than Administrative Claims). Each holder of a Claim (other than an Administrative Claim) or Interest must file a proof of Claim or proof of Interest, as the case may be, with the Bankruptcy Court (i) no later than the Bar Date established by Order of the Bankruptcy Court, which bar date was July 21, 2020, or (ii) to the extent that any such Holder is not subject to such Bar Date, the date that is thirty (30) days after the Effective Date, excluding the Effective Date, or by such later date as may be established by the Bankruptcy court. Notice of such Bar Date shall be provided by means of a separate notice to all parties listed on the official mailing matrix maintained by the Bankruptcy court. Any such Holder who does not file a proof of Claim or proof of Interest by the deadline will be forever barred from asserting its Claim or Interest unless, and to the extent, that the Debtor listed such Claim in its Schedules filed with the Bankruptcy Court under 11 U.S.C. § 521 as being liquidated in amount, not disputed and not contingent.

   (b) Deadline for Administrative Claims that are Fee Requests. All requests for compensation by a professional person under 11 U.S.C. § 330 ("Egg Requests") must be filed with the Bankruptcy court within 60 days after the Effective Date. Any holder of such a Claim that does not file a request for payment within such 60-day period shall be forever barred from asserting its Claim.

   (c) Deadline for Filing Administrative Claims Other than Fee Requests/Contents of Application. All requests for payment of Administrative Claims (other than Fee Requests) must be filed with the Bankruptcy court within 30 days after the Effective Date. Any holder of such a Claim that does not file a request for payment within such 30-day period shall be forever barred from asserting its Claim.

   Any application for allowance of an Administrative Claim, other than a Fee Request, shall include: (i) the complete name and mailing address of the Claimant; (ii) the date the Administrative Claim was incurred; (iii) the amount of the Administrative Claim; (iv) the basis of the Claim; and (v) a copy of the contract, invoices, or a summary thereof, or other documentation sufficient to support the Claim.

5.05    **Time to Object to Claims and Interest (Other than Administrative Claims).** Unless another date is established by the Bankruptcy Court or the Plan, any person entitled to object to a Claim or Interest must file the objection with the Bankruptcy Court within 60 days after the later of (i) the Effective Date or (ii) the date that a proof of Claim with respect to such Claim is filed or deemed to have been filed with the Bankruptcy court.

5.06    **Allowance of Administrative Claims (Including Fee Requests).** No Administrative Claim, including any Fee Request, shall be allowed without prior notice to creditors and parties and interest in accordance with the Bankruptcy Code and Bankruptcy Rules. Upon entry of an Order allowing such Administrative Claim, the Debtor shall pay such claim in accordance with the Plan, or as otherwise agreed between the Claimant and the Debtor.

5.07    **Objections to Administrative Claims (Including Fee Requests).** Any objection to an Administrative Claim including a Fee Request, shall be filed with the Bankruptcy Court within the notice period specified in the applicable notice or as otherwise ordered by the Court.

5.08    **Less Favorable Treatment.** The Debtor and the Holder of an Allowed Claim may agree to payment of such Allowed Claim on a basis less favorable to the holder than provided in this Plan.

## ARTICLE 6
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    **Assumed Executory Contracts and Unexpired Leases.**

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date of this Plan or the date an order was entered assuming the executory contract and/or unexpired lease, whichever is earlier:

[NONE]

(b) Upon the Effective Date of this Plan, the Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of Confirmation Order.

(c) A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty calendar (30) days after the date of mailing to the claimant of notice of entry of the order confirming this Plan. If no such proof of Claim is timely filed, the Claim arising from rejection of the executory contract or unexpired lease shall be disallowed in full.

## ARTICLE 7
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01    **Funding the Reorganization Plan.** This is a Reorganization plan. The Debtor anticipates funding the Plan through his steady base income, revenues from continued and expanding operations and collection of accounts receivable. Debtor further anticipates having adequate means for further implementation regarding the Property through potential cash into the estate from Adversary

Claims and other litigation.

7.02    **Possible Adversary Recoveries/Litigation**. At this time the Debtor identifies one specific pre-petition transfer that may result in recovery, and he is the plaintiff in an Adversary proceeding against DLJ Capital Mortgage, Inc. et al (Case No. 20-01053-j) filed on September 15, 2020; and against the *Journal Publishing Company* et al (Case No. 21-cv-00690-JB-SCY) for copyright infringement filed in U.S. District Court on July 26, 2021 ($5,000,000+).

The Debtor in Possession may request of the Court to appoint "special counsel" to represent him in pursuing such additional claims per Rule 2014(a) of the Federal Rules of Bankruptcy Procedure. After notice and a hearing, the court can approve the employment of such counsel on such terms as the court deems appropriate, including on a contingency-fee basis.

7.03    **Chart summarizing what additional adversary claims**. Below is a chart summarizing claims the Debtor believes exist at this time (not to be limited by) and possible recovery range amounts. Letters of Intent to File a Lawsuit have been sent to five of the parties below.

| Name | Subject | Action Exist | Possible Recovery Amount |
| --- | --- | --- | --- |
| Brandon Clark, Melissa Carroll, et al | Theft of personal property, Forgery, and murder of cats | Adversary Filing Pending | $unknown or possible recovery of stolen personal property |
| Nationwide Home Insurance | Disallowance of claim | Adversary Filing Pending | $256,000.00 - $1,000,000.00 |
| Roxanne Sanchez and Kristi Mero | Theft of personal property | Adversary Filing Pending | Personal Property $100,000.00 |
| State of New Mexico et al | Wrongful prosecution and loss of business | Adversary Filing Pending | $800,000.00 - $25,000,0000.00 |
| Southern District of New York | Retained property | Adversary Filing Pending | Attorney Fees and property recovery |
| United Van Lines | Insurance and lost property | Adversary Filing Pending | $132,000.00 - $2,600,000.00 |
| Washington Federal | Denial of forgery claim | Adversary Filing Pending | $10,230.74 - $100,000.00 |

7.02    **The Confirmation Order.** The Confirmation Order shall empower and authorize the necessary parties to take or cause to be taken on or prior to the Effective Date, all actions necessary to enable them to implement the Plan.

7.03    **Debtor as Disbursement Agent**. The Debtor will act as disbursement agent for all payments made under the Plan.

7.04    **Payment of Claims**. The Debtor shall make payment to each Claim holder of record at the mailing address of record in the Bankruptcy Case, or such other address as the holder may provide in writing to the Debtor. No distribution shall be made to any claimant on any distribution unless the payable distribution sum exceeds the sum of $100.00 after calculation of the face value of the allowed claim. The Debtor may elect, in its sole discretion, to pay Holders of Class 6 Claims in-periodic amounts that are greater than the amounts show or by lump sum payment in lieu of periodic distributions, or upon such other terms as may be agreed upon between the Debtor and the holders of

such Claims.

7.05    **Payments to Co-Debtors**. To the extent that a creditor recovers a portion of its allowed Claim from a co-debtor of the Debtor, the amount of the creditor's allowed Claim that is payable under this Plan shall he reduced by the amount that the creditor receives.

## ARTICLE 8
## GENERAL PROVISIONS

8.01    **Definitions and Rules of Construction**. In addition to terms defined in this Plan, the definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

(a) "Confirmation Date" means the date the Bankruptcy Court enters a Confirmation Order confirming the Plan.

(b) "Confirmation Order" means the order of the Bankruptcy Court pursuant to §1129 of the Bankruptcy Code confirming the Plan and approving the transactions contemplated under the Plan.

(c) "Reorganization Debtor" means the Debtor after the Effective Date of the Plan

(d) "Net Recovery" means all funds collected by the Debtor or Reorganization Debtor as the result of any cause of action under Sections 502, 510, 541, 544, 545, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code, or under related state or federal statues and common law, including fraudulent transfer laws, whether as the result of payment on or collection of a judgment, or settlement, net of reasonable attorneys' fees and costs incurred in collecting such funds.

8.02    **Effective Date of Plan.** The effective date of this Plan is the fourteenth (14th) day after the date of the entry of the Confirmation Order, calculated in accordance with Bankruptcy Rule 9006(a); but if a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order has not been vacated.

8.03    **Severability**. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    **Binding Effect**. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

8.05    **Captions**. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. As the context may require, the singular includes the plural, and the plural includes the singular.

8.06    **Controlling Effect/Governing Law**. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of

New Mexico govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

      807    **Corporate Governance**. The Debtor is a sole proprietor and not a corporation per Code §101(9). The Reorganization Debtor will be the same as the Debtor pre-petition.

      8.08    **Distribution Date**. The Distribution Date under this Plan will be on or before the 15th day of the fourth month after the Effective Date.

      8.09    **Retention of Jurisdiction**. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Plan, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the comprehensiveness embodied in this Plan.

## ARTICLE 9
## DISCHARGE

      9.01.    **Discharge**. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge oncompletion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Reorganization Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

      9.02.    **Modification of Plan**. The Reorganization Debtor may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or re-voting on the Plan. The Reorganization Debtor may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

      9.03.    **Final Decree.** Once the estate has been administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Reorganization Debtor, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

      9.04.    **Liability of Debtor, Plan Fund Trustee, Officers, and Others**. None of the Reorganization Debtor, the Debtor-in-possession or any of its employees, officers, directors, agents or representatives, nor any professionals employed by them or any of their members, agents, representatives or professional advisers, shall have or incur any liability to any person or entity for any act taken or omission made in good faith in connection with or related to formulating, implementing, confirming or consummating the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created in connection with the Plan, provided however, that the foregoing does not, is not intended to, nor shall be construed as releasing any or all of the foregoing parties from liability from any act taken or omission made due to fraud, willful misconduct, or bad faith.

## ARTICLE 10
## OTHER PROVISIONS

      10.1    **Property vests in Debtor**. Upon the Effective Date, except as otherwise specifically set forth in this Plan all Property of the Estate of the Reorganization Debtor and each and every claim or cause of action that was asserted or could have been asserted by the Reorganization Debtor against any

party, in the Bankruptcy Case or otherwise, including causes of action for recovery of preferences, fraudulent conveyances, and any other action maintainable under § 542 through 553 of the Bankruptcy Code, shall vest in the Reorganization Debtor, free and clear of all Claims and Interests except as specifically provided for in the Plan or the Confirmation Order. Upon the Effective Date the Debtor shall be substituted as a party to all pending matters, adversary proceedings, claims, administrative proceedings, and lawsuits involving the Reorganization Debtor, whether before the Bankruptcy Court or otherwise.

10.2  **Property Free and Clear of Liens**. All Property of the Estate and the Reorganization Debtor, whether real property, personal property, intangible property, or any other property interest of any nature whatsoever, shall be free and clear of all Claims and interests of creditors, Interest holders, and other parties in interest, except as specifically provided for in the Plan or the Confirmation Order.

10.3  **Post-Confirmation Operations.** On the Effective Date, the Reorganization Debtor shall have full authority to operate its business, retain professionals, buy, and sell its property, hire and fire employees, and otherwise operate to the fullest extent allowed by law, without further order of the Bankruptcy Court, and without Bankruptcy Court approval being required for compensation for any services rendered after the Confirmation Date.

10.5  **Transferred/Retained Bankruptcy and Other Powers of Reorganization Debtor**. The Reorganization Debtor shall, after the Effective Date, be assigned and retain the powers of a debtor-in-possession for the purposes of objecting to Claims and prosecuting claims and causes of action under §§ 542, 543, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code available to the Reorganization Debtor's Estate, with hall authority to preserve, compromise, and resolve all such Claims and cases of action. The Reorganization Debtor shall also have full right, power, and authority to investigate and, if necessary, object to Claims and to commence actions to collect any assets or causes of action.

10.6  **Reservation of Rights**. All claims or causes of action, Cross claims, and Counter claims of the Reorganization Debtor of any kind or nature whatsoever arising before the Confirmation Date and that have not been disposed of prior to the Confirmation Date shall be preserved for the benefit of the Reorganization Debtor and vested in and prosecuted by the Debtor as it sees fit.

10.7  **Litigation of Estate Claims**. Pursuant to 11 U.S.C. § 1123(b)(3)(B), the Reorganization Debtor shall retain and enforce, litigate, and liquidate all claims, causes of action, and interests belonging to the Reorganization Debtor or the Debtor's Estate. The Reorganization Debtor shall have the choice whether to initiate, pursue, or, to conclude such litigation in his sole discretion.

10.8  **Final Decree.** Notwithstanding any other provision of the Plan, the Final Decree shall be entered only after all conditions-precedent to substantial consummation of the Plan have been satisfied or waived.

10.9  **Operating Reports**. After the Effective Date, the Reorganization Debtor shall not be required to file any monthly operating reports with the Court.

10.10  **Default.** The failure of the Reorganization Debtor to make any payments called for under this Plan, unless that failure is willful and deliberate, shall not be a default under this Plan.

Debtor's Name: <u>Michael Jacques Jacobs f/d/b/a Michael Jacobs Photojournalism</u>   Case Number: <u>19-12591-j11</u>

Respectfully submitted,

By: _____
Michael Jacques Jacobs d/b/a Michael Jacobs Photojournalism
*Pro se* Plan Proponent
Tel: (505) 321-3044
Email: michael.mjphoto@gmail.com