UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: MICHAEL JACQUES JACOBS,            No. 19-12591-j11

Debtor.

## **MEDIATION ORDER**

Michael Jacques Jacobs ("Jacobs") and DLJ Mortgage Capital, Inc. ("DLJ Mortgage") (together, the "Mediation Parties," and each a "Mediation Party"), shall participate in a mediation of their disputes regarding treatment of DLJ Mortgage's claim in this bankruptcy case and all claims against DLJ Mortgage asserted in Adversary Proceeding No. 20-1053-j (the "Disputes"). DLJ Mortgage filed a proof of claim in the above captioned chapter 11 case that includes any claim Selene CS Participation ("CS Participation") may have with respect to the loan and mortgage at issue. CS Participation did not file its own proof of claim. If CS Participation does not wish to be bound by any settlement reached between DLJ Mortgage and Jacobs as a result of the mediation, as set forth in paragraph 2 below, CS Participation must also participate in the mediation, in which event it is included in the definition of "Mediation Parties," and is a "Mediation Party." The Court being sufficiently advised, and having determined that entry of this order is appropriate; HEREBY ORDERS:

1.     <u>Appointment of Mediator</u>. Christopher M. Gatton ("Mediator") is appointed as mediator to mediate the Disputes. The Mediator has agreed not to charge for his services. The mediation conducted pursuant to this order is referred to below as the "Mediation."

2.     <u>Mediation Parties Bound.</u>

    (a)     Within seven (7) days of the date of entry of this Mediation Order, counsel for DLJ Mortgage will (i) mail copy of this Mediation Order to an officer of CS Participation and also to its counsel (if any), with a courtesy copy by email if their email address(es) are known, and

NM LF 7016-2

(ii) file in the bankruptcy case a certificate of service certifying such service of the Mediation Order. CS Participation will be bound by any settlement reached between Jacobs and DLJ Mortgage as a result of the Mediation if CS Participation does not elect to participate in the Mediation as a Mediation Party as set forth in subsection (b) of this paragraph.

(b) CS Participation may elect to participate in the Mediation by submitting a timely mediation statement to the Mediator as set forth in paragraph 3(b) below, in which event CS Participation will be a Mediation Party as defined in this order and will be bound by all provisions of this Mediation Order applicable to Mediation Parties. If CS Participation does not submit a timely mediation statement to the Mediator as set forth in paragraph 3(b) below, CS Participation will be bound by any settlement reached between Jacobs and DLJ Mortgage as a result of the Mediation.

3. Mediation Procedures.

(a) Time and Place of Mediation. The mediation shall take place at the offices of Giddens & Gatton, P.C., 10400 Academy Rd. NE #350, Albuquerque, New Mexico 87111, beginning at **9:00 a.m.** on **Friday, November 12, 2021**, or such other place and date(s) as the Mediator shall fix after consulting with counsel for DLJ Mortgage and with the self-represented Mediation Party. Jacobs and counsel for DLJ Mortgage shall attend the Mediation in person. Out-of-state counsel and party representatives may attend the Mediation by Zoom. Zoom requests must be sent by email to the Mediator (chris@giddenslaw.com) no later than **November 9, 2021**. The Mediator will send the Zoom link to counsel who timely rile a Zoom request. It is counsel's responsibility to share the Zoom link with any client representative who will participate in the Mediation by Zoom.

(b) Confidential Mediation Statements. The Mediation Parties shall submit a confidential mediation statement to the Mediator by email (chris@giddenslaw.com) no later than

**November 3, 2021**. The confidential mediation statement shall include a statement of the facts and issues, the position of the Mediation Party submitting the statement, citation to the principal authorities upon which the Mediation Party relies (if any), and citation to the docket numbers of the documents filed of record that frame the issues. The confidential mediation statement may also include copies of any other documents deemed by the Mediation Party to be critical to resolution of the Dispute. The confidential mediation statement shall also set forth suggestions for settlement.

(c) <u>Attendance by Persons with Settlement Authority for Mediation Parties other than Jacobs.</u> In addition to counsel, a representative of DLJ Mortgage, and a representative of CS Participation if it chooses to participate in the Mediation, shall attend the Mediation. Such representative must have complete authority to negotiate and settle all disputed issues and amounts.

(d) <u>The Mediation Procedure, and Good Faith Participation</u>. The Mediator shall have authority to control all procedural aspects of the Mediation, including when the Mediation Parties will meet jointly and/or separately with the Mediator. The Mediator may report to the Court any willful failure to attend or participate in good faith in the mediation process or mediation conference. Such failure may result in the imposition of sanctions by the Court.

4. <u>Modification of Mediation Procedures</u>. Different or additional requirements or procedures for the Mediation may be agreed upon by the Mediation Parties and Mediator.

5. <u>Report of Result of the Mediation.</u> After the Mediation concludes, the Mediator will file a report stating whether the Mediation resulted in a settlement.

6. <u>Confidentiality</u>. Any statements made by the Mediator, any of the Mediation Parties, or others during the mediation process shall not be divulged by any of the participants in the Mediation (or their agents) or by the Mediator to the Court or to any third party. Except for an executed settlement agreement, and the report of result of the mediation, all records, reports, or other documents received or made by a Mediator while serving such capacity shall be confidential

and shall not be provided to the Court. The Mediator shall not be compelled to divulge such records, reports, or other documents or to testify in regard to the Mediation in connection with any arbitral, judicial or other proceeding, including any hearing held by this Court. Notwithstanding anything in Federal Rule of Evidence 408 to the contrary, no person may rely on or introduce as evidence in connection with any arbitral, judicial or other proceeding, including any hearing held by this Court, any aspect of the mediation effort, including but not limited to (a) views expressed or suggestions made by any of the Mediation Parties with respect to a possible settlement of the Dispute; (b) admissions made by any of the Mediation Parties in the course of the Meditation; and (c) proposals made or views expressed by the Mediator. Nothing in this paragraph, however, precludes a report of (i) whether a settlement was reached or the Mediator from reporting to the Court any failure on the part of one or more of the Mediation Parties to comply with such Mediation Party's obligations under this order; or (ii) if the Mediator concurs that a Mediation Party has failed to comply with obligations under this order, the presentation of information to the Court in connection with a determination of such compliance or noncompliance. Further, nothing in this paragraph makes a document or other information confidential that was received or developed by a Mediation Party without an obligation of confidentiality that relates to the Mediation.

7. <u>Immunity</u>. The Mediator, as a court appointed mediator, shall be immune from claims arising out of acts or omissions incident to the Mediator's services rendered in connection with the Mediation. The Court may impose sanctions against any party that asserts a claim against the Mediator for which the Mediator has immunity, including reasonable attorneys' fees, a fine, and punitive damages, if appropriate.

8. <u>Compliance With Bankruptcy Code and Rules</u>. Nothing in this order shall relieve any of the Mediation Parties or any other party in interest from complying with applicable requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, such as

requirements for obtaining court approval of any compromises of controversies, stipulated stay relief or adequate protection, or sales of property outside the ordinary course of business.

9. <u>Termination of the Mediation Process</u>. Any of the Mediation Parties may at any time file a motion with the Court to withdraw from the mediation for cause.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: October 4, 2021

COPY TO:

Michael Jacques Jacobs
800 Calle Divina, NE
Albuquerque, NM 87113

Elizabeth Dranttel
Attorney for DLJ Mortgage Capital, Inc.
Rose L. Brand & Associates, PC
7430 Washington Street NE
Albuquerque, NM 87102

Christopher M. Gatton
Mediator
Giddens & Gatton PC
10400 Academy Rd. NE, #350
Albuquerque, NM 87111