UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:   MICHAEL JACQUES JACOBS,                                    No. 19-12591-j11

Debtor.

**<u>MEMORANDUM OPINION REGARDING DEBTOR'S
MOTION FOR RELIEF FROM A JUDGMENT OR ORDER</u>**

THIS MATTER is before the Court on the [Debtor's] Motion for Relief from a Judgment or Order ("Rule 60(b) Motion"–Doc. 176) and Memorandum in Support of Debtor's Rule 60(b) Motion for Relief from a Judgment or Order (Doc. 177). DLJ Mortgage Capital, Inc. ("DLJ Mortgage") opposes the Rule 60(b) Motion. *See* Doc. 187.[1] Debtor seeks relief from the Court's Memorandum Opinion (Doc. 159) and Order Granting in rem Stay Relief Under 11 U.S.C. § 362(d)(4) ("Stay Relief Order"–Doc. 160) under Fed.R.Civ.P. 60(b)(1) and Fed.R.Civ.P. 60(b)(6). In support of his Rule 60(b) Motion, Debtor filed an Exhibit List for Rule 60(b) Motion with thirty-one exhibits attached (Doc. 178), an Affidavit of Fact by Michael Jacques Jacobs ("Jacobs Affidavit"–Doc. 180), an Affidavit of Fact by Ruby Handler Jacobs ("Handler Affidavit"–Doc. 181), and an Exhibit List for Rule 60(b) Motion Handler Jacobs Affidavit with ten exhibits attached (Doc. 179).

Debtor argues that the Court should grant relief from the Stay Relief Order under Fed.R.Civ.P. 60(b)(1) based on mistake, inadvertence, surprise, and excusable neglect, and under Fed.R.Civ.P. 60(b)(6) based on exceptional circumstances. For the reasons explained below, the Court will deny the Rule 60(b) Motion.

---

[1] Debtor filed Debtor's Reply to DLJ's Response in Opposition to Debtor's Motion for Relief from a Judgment or Order ("Reply") in response to DLJ Mortgage's response. Doc. 189.

## I. PROCEDURAL BACKGROUND

The Debtor filed this chapter 11 bankruptcy case on November 19, 2019. On April 2, 2020, DLJ Mortgage filed a Motion for Relief from the Automatic Stay and for the Abandonment of Property; Motion for in rem Relief Pursuant to 362(d)(4) by DLJ Mortgage Capital, Inc. ("Stay Relief Motion"). Doc. 27. On November 25, 2020, Debtor's then bankruptcy counsel, Jay Hume, filed a Motion for Withdrawal of Counsel. Doc. 101. On December 10, 2020, Debtor filed a Response to the Motion for Withdrawal of Counsel. Doc. 106. In the Response, Debtor states: "The parties [Debtor and Mr. Hume] have a year history of working together successfully and amicably on both the Bankruptcy Case and the adversary." *Id.*

Several years before Debtor commenced his chapter 11 case, DLJ Mortgage filed a complaint for in rem foreclosure of Debtor's property located at 800 Calle Divina (the "Property") in the Second Judicial District Court, State of New Mexico, County of Bernalillo, styled *DLJ Mortgage Capital, Inc. v. Ruby Handler Jacobs a/k/a Ruby Jacobs, Michael Jacobs, et al.,* Case No. D-2020-CV-2012-09237 (the "State Court Action") and later amended its complaint on October 24, 2014.[2] Following a trial on the merits in the State Court Action, the state court entered detailed Findings of Fact and Conclusions of Law on July 13, 2017.[3] On June 5, 2018 the state court entered a final in rem foreclosure judgment (the "Foreclosure Judgment").[4] As of the time of the final hearing on the Stay Relief Motion, the Foreclosure Judgment was on appeal.

---

[2] *See* Memorandum Opinion (Doc. 159), p. 3 and n. 4. Unless otherwise noted, "Memorandum Opinion" refers to this Court's Memorandum Opinion entered May 24, 2021 as Docket No. 159.
[3] *See* Memorandum Opinion (Doc. 117), p. 2.
[4] *Id.* at pp. 3, 12-13 and Memorandum Opinion (Doc. 159), p. 4.

In its Memorandum Opinion relating to an Order Granting Motion for Issue/Claim Preclusion (Docs. 117 and 118, respectively), both filed February 4, 2021, the Court concluded that the Foreclosure Judgment, which was entered after a trial on the merits, was entitled to preclusive effect under the doctrine of issue preclusion as adopted in the State of New Mexico. The Court also ruled, for the reasons set forth in the Memorandum Opinion (Doc. 117), that "Debtor is precluded from asserting that DLJ Mortgage lacks standing to seek relief from the automatic stay." In a Memorandum Opinion and Order entered April 16, 2021, the Court denied Debtor's motion to reconsider its ruling that the Foreclosure Judgment has issue preclusive effect. Doc. 148.

On May 24, 2021, after a final evidentiary hearing in which the Court heard testimony and admitted over thirty documents in evidence, the Court issued the Memorandum Opinion, making detailed findings of fact and conclusions of law relating to the Stay Relief Motion and Debtor's Objection to Claim #6 (the claim that DLJ Mortgage filed in the bankruptcy case). The Court entered the Stay Relief Order (Doc. 160) and an Order Overruling Objection to Claim #6 on the same date. Doc. 161

On June 11, 2021 and June 21, 2021, Debtor filed motions for relief from the Stay Relief Order and from the Order Overruling Objection to Claim #6 under Fed.R.Civ.P. 59. Docs. 163 and 172. Bankruptcy Rule 9023 makes Rule 59 of the Fed.R.Civ.P. applicable in bankruptcy cases but shortens the time for filing a Rule 59 motion to 14 days after the date of entry of the judgment or order. The Court entered on order denying both motions on June 23, 2021, both because the motions were untimely (filed after the applicable 14-day period) and because Debtor filed the motions pro se even though he then had counsel of record. Doc. 173. Subsequently, Debtor filed his Rule 60(b) Motion on July 2, 2021. Doc. 176.

On October 4, 2021, the Court entered an order granting Debtor's request for mediation over the objection of DLJ Mortgage (Doc. 213) and entered a Mediation Order. Doc. 214. On December 22, 2021, the Court-appointed mediator filed a report stating that no settlement was reached between DLJ Mortgage and Debtor as a result of the mediation. Doc. 222.

## II. THE LEGAL STANDARD FOR RELIEF UNDER RULE 60(b)(1)

Under Fed.R.Civ.P. 60(b)(1), made applicable to bankruptcy cases by Fed.R.Bankr.P. 9024, a litigant may obtain relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." The movant bears the burden of demonstrating entitlement to relief under Rule 60(b)(1). *In re Mattox*, No. 18-10101-13, 2020 WL 6194593, at *4 (Bankr. D. Kan. Oct. 19, 2020)*; Sundance Servs., Inc. v. Roach*, No. CV 10-110 JP/CEG, 2010 WL 11623521, at *3 (D.N.M. May 17, 2010).

In general, "the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (citations omitted).

In the context of determining whether a party's neglect of a deadline is excusable, the Supreme Court held in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993):

> With regard to determining whether a party's neglect of a deadline is excusable . . . . the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

-4-

And when analyzing the excusable neglect standard in the context of Federal Rule of Appellate Procedure 4(b)(4), where the party filed an untimely notice of appeal, the Tenth Circuit has stated that "fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1941m 1046 (10th Cir. 1994)).

"[A]ttorney negligence or oversight rarely warrants relief from judgment." *In re Kellogg*, 197 F.3d 1116, 1120 n.3 (11th Cir. 1999). *See also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)."); *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) ("[T]he case law consistently teaches that out-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1)." (quoting *Helm v. Resolution Trust Corp.*, 161 F.R.D. 347, 348 (N.D. Ill. 1995), *aff'd,* 84 F.3d 874 (7th Cir. 1996))); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) (citing *Adventist Health Sys./Sunbelt, Inc.* with approval*)*.

Nor will mere carelessness by a litigant or his counsel generally afford a basis for relief under Rule 60(b)(1). *In re Woods*, 173 F.3d 770, 779 (10th Cir. 1999) ("Rule 60(b)(1) relief is generally not available for the mere carelessness of a party . . . ." (citing *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 10th Cir. 1990))). In addition, "Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the

time of the original argument." *Cashner*, 98 F.3d at 577 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). The court may decline to consider arguments not raised prior to entry of judgment. *Hamstein Cumberland Music Grp. v. Williams*, 556 F. App'x 698, 703 (10th Cir. 2014) (citing *Lindberg v. United States*, 164 F.3d 1312, 1322 (10th Cir. 1999)).

**III.   DEBTOR IS NOT ENTITLED TO RELIEF UNDER RULE 60(b)(1)[5]**

Debtor argues that the Court made "errors in misreading evidence," and offers new evidence in support of his Rule 60(b) Motion to refute the Court's prior findings. Debtor's arguments that the Court erred in misreading the evidence generally fall into the following subject categories: 1) the loan payment history and the Debtor's efforts to obtain a loan modification or repay the loans; 2) DLJ was not entitled to enforce the note and mortgage; 3) the reasons for filing the prior bankruptcy cases; 4) Debtor's reorganization efforts in this bankruptcy case; and 5) alleged failures by Debtor's former bankruptcy counsel.

*Loan Payment History/Negotiation Efforts*

Debtor asserts, among other things, that the loan at issue was not in default as of October 2011 because he made a payment on September 23, 2011 representing the payment due October 1, 2011. Debtor also questions the loan payment history admitted in evidence and the escrow charges on the loan. Debtor explains at length the efforts he and his spouse made to negotiate a loan modification with predecessors to DLJ Mortgage, their belief that a loan modification under HUD's Home Affordable Modification Making Home Affordable Act

---

[5] The Debtor filed a 39-page Memorandum in Support of Debtor's Rule 60(b) Motion for Relief from a Judgment or Order (Doc. 177) containing 121 numbered paragraphs and an 11-page Reply (Doc. 189) containing an additional 28 numbered paragraphs in support of his Rule 60(b) Motion. To the extent Debtor's Memorandum and Reply assert additional arguments not specifically addressed in this Memorandum Opinion, the Court has reviewed such arguments but finds them unpersuasive.

-6-

("HAMP") was approved, and the alleged subsequent refusal by Nationstar Mortgage, LLC, and later DLJ Mortgage's servicer to honor the HAMP loan modification. Debtor contends further that he attempted to make payments on the loan after October 2011, but such payments were refused.

All of this factual information Debtor now seeks to put before the Court merely amplifies and expands Debtor's prior testimony at the final hearing. Further, the alleged mistake of fact Debtor contends the Court made when it determined that the loan was in default as of October 2011 was not based on the facts then before the Court. Even if the loan was not in default until sometime later, that fact would not change the Court's decision; the loan would still have been in default for more than eight years with no payment having been made by the Debtor or his spouse. And ample other surrounding facts and circumstances, including the number of prior bankruptcy cases, the lack of evidence of changed circumstances in the Debtor's financial condition between bankruptcy filings, the number of postponed foreclosure sales,[6] and the dismissal of all five chapter 13 cases without confirming a plan, contributed to the Court's ultimate decision to grant in rem stay relief.

*Assertion that DLJ is not entitled to enforce the Note and Mortgage*

Debtor continues to maintain that DLJ Mortgage was not entitled to enforce the note and mortgage. The Court has found that the Foreclosue Judgment and supporting findings of fact have issue preclusive effect in proceedings in this Court to which Debtor and DLJ Mortgage are

---

[6] Debtor complains that the number of foreclosure sales and postponements the Court found in its Memorandum Opinion is highly inflated and asserts that all of the postponements occurred in violation of the automatic stay. *See* Jacobs Affidavit, ¶ 15. The Court made its fact findings regarding the postponement of scheduled foreclosure sales based on the evidence admitted at the final hearing. *See* Memorandum Opinion, p. 6. Whether any notices of postponement of scheduled foreclosure sales violated the automatic stay was not an issue before the Court.

a party, including with respect to DLJ Mortgage's right to enforce the note and mortgage. The Court finds no error in its prior ruling.

*The Prior Bankruptcy Cases filed by Debtor or his Spouse*

Debtor contends that he was surprised that the Court relied so heavily on the prior bankruptcy case filings in rendering its Memorandum Opinion and by the Court's granting DLJ Capital in rem stay relief under 11 U.S.C. § 364(d)(4) because that issue was not raised at the final hearing. This is simply incorrect. Counsel for DLJ Mortgage requested in rem stay relief under 11 U.S.C. § 362(d)(4) in both her opening statement and in closing argument, and evidence of prior bankruptcy case filings by Debtor and his spouse was admitted at the final hearing. In addition, DLJ Mortgage specifically requested in rem stay relief under 11 U.S.C. § 362(d)(4) in its Stay Relief Motion.

Debtor complains further that his counsel informed him that the arguments Debtor provided in response to DLJ Mortgage's motion for relief from stay sufficiently addressed the issue of in rem stay relief. That type of alleged litigation mistake is insufficient grounds for Rule 60(b)(1) relief. "[A] deliberate and counseled decision the complaining party" is not type of litigation mistake remediable under Rule 60(b)(1). *Yapp v. Exel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (citing *Cashner*, 98 F.3d at 577). Even if a party "simply misunderstands or fails to predict the legal consequences of his deliberate acts," that party cannot rely on Rule 60(b) "once the lesson is learned, [to] turn back the clock to undo those mistakes." *Yapp*, 186 F.3d at 1231 (citations omitted). Debtor responded to DLJ Mortgage's request for in rem stay relief and testified at the final hearing regarding prior bankruptcy cases he and his spouse filed. That he failed to further develop that testimony with additional facts then available is not a basis to obtain Rule 60(b) relief.

Debtor points out that Case No. 11-14707-j filed by Ruby Jacobs ("Case 2") and Case No. 12-10748-j13 filed by Ruby Handler Jacobs ("Case 3") were filed prior to DLJ Mortgage's acquisition of the note and mortgage and before DLJ filed the State Court Action, that Case 2 was filed before the date Debtor contends the loan went into default, and that Debtor was unaware of any involvement by DLJ Mortgage until May of 2014. Consequently, Debtor takes issue with the Court's finding that Case 2 and Case 3 prevented DLJ Mortgage from commencing an action to foreclose its interest in the Property, and reasons further that Case 2, Case, 3, and Case No. 12-14163-j13 filed by Michael Jacobs ("Case 4") in November of 2012, could not have been filed as part of a scheme to hinder, delay, or defraud DLJ Mortgage because those cases were filed before DLJ Mortgage acquired the loan.

Debtor is correct that the automatic stay could not have delayed DLJ Mortgage's enforcement of remedies due to a default under the note and mortgage before it acquired an interest in the note and mortgage. The Court amends its opinion to the extent it states otherwise. But that does not change the Court's decision to grant in rem stay relief. DLJ Mortgage's predecessors in interest who held the note and mortgage on the Property at that time were prevented from commencing a foreclosure action. The language of 11 U.S.C. § 362(d)(4) requires a "scheme to delay, hinder, or defraud *creditors* that involved . . . multiple bankruptcy cases affecting such real property." 11 U.S.C. § 362(d)(4) (emphasis added). The plain language of the statute does not require a scheme to delay, hinder, or defraud the specific creditor seeking stay relief.

Debtor asserts that Case Nos. 2, and 3 were unrelated to the Property. Regardless, of whether Debtor or Ruby Handler Jacobs listed the Property in the schedules filed in prior

bankruptcy cases, the bankruptcy cases nevertheless affected the Property. While those case were pending, the automatic stay prevented all creditors from taking any collection efforts absent relief from the stay.

Further, Case No. 18-11820-t13 filed by Ruby Handler Jacobs ("Case No. 5"), Case No. 18-12364-t13 filed by Ruby Handler Jacobs ("Case No. 6"), Case No. 19-10685-t13 filed by Michael Jacobs ("Case No. 7"), and this case ("Case No. 8") were all filed *after* the entry of the Foreclosure Judgment in the State Court Action on June 5, 2018, preventing DLJ Mortgage from foreclosing its interest in the Property while neither Debtor nor his spouse made any payments to DLJ Mortgage. The following is the portion of the chart contained in the Court's Memorandum Opinion that relates to Case Nos. 5, 6, 7, and 8.

| No. | Debtor | Case Number | Chapter | Filing Date | Disposition |
|---|---|---|---|---|---|
| 5 | Ruby Handler Jacobs (Michael Jacobs listed as non-filing spouse) | 18-11829-t13 District of New Mexico (Exhibit 34) | 13 | 7/24/18 | Dismissed 9/18/18 |
| 6 | Ruby Handler Jacobs (Michael Jacobs listed as non-filing spouse) | 18-12634-t13 District of New Mexico (Exhibit 35) | 13 | 10/24/18 | Dismissed 1/14/19 |
| 7 | **Michael Jacques Jacobs** f/d/b/a Michael Jacobs Photojournalism (Ruby Jacobs listed as non-filing spouse) | 19-10685-t13 District of New Mexico (Exhibit 37) | 13 | 3/27/19 | Dismissed 10/2/19 |
| 8 | **Michael Jacques Jacobs** f/d/b/a/ Michael Jacobs Photojournalism (Ruby Jacobs listed as non-filing spouse) | 19-12591-j11 District of New Mexico | 11 | 11/13/19 | Pending |

Debtor seems to suggest that Case Nos. 5, 6, and 7 should really be treated as one case because Case No. 5 was interrupted due to Debtor's spouse's hospitalization, Case No. 6 was "court error," Debtor intended to join in his spouse's Case No. 5, and Case No. 7 was filed

-10-

because Case No. 6 was dismissed in error.[7] *See* Motion, ¶ 75. Debtor did not make those arguments or point to facts in evidence relating to those arguments prior to entry of the Stay Relief Order. The Court declines to consider those arguments now.

The Debtor now offers additional explanations relating to the multiple prior bankruptcy case filings and offers in support the Jacobs Affidavit, the Handler Affidavit, and forty-one new exhibits not offered in evidence at the final hearing on the Stay Relief Motion, to show that the bankruptcy cases were not filed to delay or for the sole purpose of delaying foreclosure of the mortgage or enforcement of the Foreclosure Judgment. Except for documents filed of record in the bankruptcy cases, of which the Court has taken judicial notice, the Court will not consider the new evidence.[8] The evidence Debtor now requests the Court to consider does not constitute newly discovered evidence that Debtor could not have offered in evidence at the final hearing on the Stay Relief Motion. Further, the Court declines to consider new arguments not made prior to entry of the Stay Relief Order.

---

[7] Debtor points out that he filed the Plan and schedules that formed the basis of the Chapter 13 Trustee's motion to dismiss the day before the chapter 13 trustee filed her motion to dismiss. *See* Case No. 6, Docs. 43, 44, 45. Debtor also points out that Judge Thuma's Order Denying Request for a Two Week Extension to File Specific Documents while Debtor Seeks to Obtain Legal Counsel stated that "[i]f Debtor is serious about this case, he will file by May 11, 2019, his bankruptcy schedules . . . and chapter 13 plan," and that, Debtor filed his chapter 13 plan on May 13, 2019, since May 11, 2019 was a Saturday. *See* Case No. 7 (Case No. 19-10685-t13), Doc. 35; Motion, ¶ 103. The Court corrects footnote 7 of its Memorandum Opinion to delete its statement that "Debtor did not receive an extension of the deadline to file a chapter 13 plan." However, the Order of Dismissal entered in Case No. 7 (Doc. 88) recites that Debtor failed to file an amended chapter 13 plan by the Court imposed deadline of Friday, September 20, 2019 and did not move for an extension of that deadline. Debtor states that he was unaware of the September 20, 2019 deadline and that the dismissal of Case No. 7 occurred due to the inadvertence of Debtor's bankruptcy counsel. *See* Motion, ¶ 104. This belated explanation of the facts and circumstances surrounding dismissal of Case No. 7 is insufficient basis for granting Rule 60(b)(1) relief.

[8] By taking judicial notice, the Court is not admitting and does not consider inadmissible hearsay.

-11-

Debtor asserts that he was not initially aware of Case No. 6, did not know of Case No. 5 because at that time he was incarcerated in La Tuna Camp in Texas, and was not provided any information about that case other his wife telling him she was in bankruptcy proceedings. *See* Jacobs Affidavit, ¶ 8. Debtor testified at the final hearing that he was not aware of his spouse's prior bankruptcy filings until DLJ Mortgage provided him with documents in connection with its Motion for Relief from Stay. The Court found such testimony not credible. *See* Memorandum Opinion, p. 8. Nor did the Court find credible Debtor's testimony that the prior bankruptcy cases were filed for the purpose of addressing other debts and not to delay foreclosure of the Property. *Id.* The Court concluded that Debtor engaged in a scheme to hinder and delay creditors based on multiple factors.

*Debtor's Reorganization Efforts*

Debtor provides an expanded explanation of his intentions to reorganize through this chapter 11 case, including his ongoing efforts to reestablish his photography business. *See* Motion, ¶ 118. Debtor also asserts that he intended to file the plan sooner and directs the Court's attention to statements in monthly operating reports filed with the Court from February of 2020 through April of 2021. Debtor did provide some testimony regarding his photojournalism and commercial photography at the final hearing, which the Court considered when entering its Memorandum Opinion. *See* Memorandum Opinion, p. 11. The reasons Debtor now provides for the delay in filing a chapter 11 plan were reasons he could have given prior to entry of the Stay Relief Order and will not be considered by the Court in connection with the Rule 60(b) Motion.

*Former Bankruptcy Counsel*

Debtor complains at some length that his former bankruptcy counsel gave him bad advice regarding the Stay Relief Motion; failed to act in Debtor's best interests; failed to obtain

-12-

discovery in preparation for the final hearing on the Stay Motion; failed to present certain critical documentary evidence and other evidence at the final hearing; failed to timely file a motion for reconsideration of the Stay Relief Order under Fed.R.Civ.P. 59(e) despite Debtor's instruction to do so; and failed to file Debtor's chapter 11 plan prior to the final hearing on the Stay Motion even though the Debtor's chapter 11 plan was prepared and ready for filing. Debtor suggests that such inaction is tantamount to counsel "acting without authority," which can serve as grounds for relief under Rule 60(b)(1) due to "mistake." *See Cashner*, 98 F.3d at 577 ("[T]he kinds of mistakes by a party that may be raised by a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against, such as the party's counsel acting without authority of the party to that party's detriment.") (citations omitted).

The Court finds that Debtor's former counsel's alleged failures are insufficient grounds for relief from the Memorandum Opinion and Stay Relief Order. As explained above, negligence of counsel is not grounds for relief under Rule 60(b)1). In assessing whether there is excusable neglect to grant relief from a judgment under Rule 60(b)(6), the court treats negligence of counsel the same as negligence by the party that counsel represents.

The factors set forth in *Pioneer*, quoted above, do not weigh in favor of granting Rule 60(b)(1) relief based on Debtor's former counsel's alleged failures. DLJ Mortgage would be prejudiced if Debtor could now seek to offer additional evidence based on counsel's alleged inadvertence or negligence. Debtor complains that his former counsel delayed filing the chapter 11 plan for at least a year. Yet, if Debtor was dissatisfied with counsel's representation, he could have terminated counsel's services much sooner.

As an additional reason for granting relief under Rule 60(b)(1), Debtor argues in his Reply (Doc. 189) that his former bankruptcy counsel acted without authority because his counsel

-13-

was authorized to file documents only after both agreed on their contents, and counsel failed to follow Debtor's directives with respect to the filing of a Notice of Deadline for Filing Proofs of Claims (Doc. 42), the Objection to Claim 6 (Doc. 96), the Objection to Motion for Issue/Claim Preclusion (Doc. 98), the Witness List (Doc. 133), and the Exhibit List (Doc. 136). *See* Reply (Doc. 189) p. 4, ¶ 8.

The timing of the filings belies Debtor's contention that his counsel acted without authority. On December 10, 2020, Debtor filed an objection to his bankruptcy counsel's motion to withdraw from representing Debtor, in which Debtor states: "The parties [Debtor and Mr. Hume] have a year history of working together successfully and amicably on both the Bankruptcy Case and the adversary." The Notice of Deadline for Filing Proofs of Claims (Doc. 42), the Objection to Claim 6 (Doc. 96), and the Objection to Motion for Issue/Claim Preclusion (Doc. 98), were all filed prior to December 10, 2020. Debtor's last-minute assertion in his Reply that his counsel acted without authority rings hollow. Further, Debtor does not identify what was contained in any documents his former counsel filed without alleged authority that relate to the defense of the Stay Relief Motion and with respect to which Debtor disagreed.

### IV.     *Debtor is not entitled to Relief under Rule 60(b)(6)*

Debtor also requests relief under Fed.R.Civ.P. 60(b)(6). Relief from a final judgment under Rule 60(b)(6) may be granted based on "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6), made applicable to bankruptcy cases by Fed.R.Bankr.P. 9024. "Rule 60(b)(6) has been described as a 'grand reservoir of equitable power to do justice in a particular case.'" *Cashner*, 98 F.3d at 579 (quoting *Pierce v. Cook & Co.,* 518 F.2d 720, 722 (10th Cir. 1975) (en banc)). However, relief under Rule 60(b)(6) "is even more difficult to attain" than under the other subsections of Rule 60(b), "and is appropriate only 'when it offends justice to

-14-

Case 19-12591-j11     Doc 228     Filed 03/08/22     Entered 03/08/22 16:44:46 Page 14 of 16

deny such relief.'" *Yapp*, 186 F.3d at 1232 (quoting *Cashner*, 98 F.3d at 580). A court may grant relief under Rule 60(b)(6) only in "extraordinary circumstances," which may exist when, "after entry of judgment events not contemplated by the moving party render enforcement of the judgment inequitable." *Cashner*, 98 F.3d at 579 (citations omitted). Further, relief under Rule 60(b)(6)'s catchall provision "is restricted to reasons other than those enumerated in the previous five clauses [of Rule 60(b)]." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (quoting *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002)).

Debtor has not asserted grounds for relief from the Court's Memorandum Opinion and Stay Relief Order that do not otherwise fit within other subsections of Rule 60(b), nor has he articulated any extraordinary circumstances that would render enforcement of the Court's Memorandum Opinion and Stay Relief Order inequitable. The Court has already addressed Debtor's allegations regarding ineffective assistance of counsel. And the fact that Debtor did not contemplate the Court would focus on Debtor's and his spouse's prior bankruptcy cases in granting in rem stay relief under 11 U.S.C. § 362(d)(4) is not a basis to grant Debtor relief from the Stay Relief Order. DLJ Mortgage included a request for in rem stay relief as part of its Stay Relief Motion, and evidence and argument were presented at the final hearing in support of in rem stay relief under 11 U.S.C. § 362(d)(4). Consequently, Debtor is not entitled to relief under Rule 60(b)(6).

## CONCLUSION

Based on the foregoing, the Court will deny the Rule 60(b) Motion. Debtor's efforts to provide additional factual information that he could have presented at the final hearing is an insufficient basis for Rule 60(b) relief. Nor does Debtor's attempt to shift blame to his attorney's alleged ineffective representation and inadvertence entitle Debtor to relief from the Court's

Memorandum Opinion and Stay Relief Order under Rule 60(b). The Court rendered its decision based on its assessment of the evidence presented at the final hearing. Other than claiming that Debtor's former counsel provided ineffective assistance, much of Debtor's basis for seeking Rule 60(b) relief is based on an attempt to present new evidence or to make new arguments not made prior to entry of the Stay Relief Order. Relief under Rule 60(b) is unavailable when "the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner*, 98 F.3d at 577 (citation omitted). Further, "Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Scherer v. Hill*, 213 F.R.D. 431, 432 (D. Kan. 2003) (citation omitted), *aff'd,* 81 F. App'x 995 (10th Cir. 2003), and *aff'd,* 81 F. App'x 995 (10th Cir. 1993).

The Court will enter a separate order consistent with its conclusions in this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: March 8, 2022

COPY TO:

Michael Jacques Jacobs
800 Calle Divina NE
Albuquerque, NM 87113

Elizabeth Dranttel
Attorney for DLJ Mortgage
Rose L. Brand & Associates, PC
7430 Washington Street NE
Albuquerque, NM 87102