UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE:

MICHAEL JACQUES JACOBS,
SSN/ITIN: xxx-xx-7725,

    Debtor.                        No. 11-19-12591-JA

## CREDITOR DLJ MORTGAGE CAPITAL, INC.'S OBJECTION TO DISCLOSURE STATEMENT AND AMENDED PLAN

DLJ Mortgage Capital, Inc., ("Creditor"), by the undersigned attorney, hereby objects to the Debtor's Disclosure Statement (Doc # 227) and the attached Plan, filed in the above-entitled and numbered cause of action, as follows:

### BACKGROUND

1. The Debtor filed a Chapter 11 Small Business Disclosure Statement on March 5, 2022. The Disclosure Statement was served via the Court's electronic service system on March 7, 2022 and the deadline to file an Objection is April 4, 2022; therefore, this objection is timely filed.

2. An Amended Plan of Reorganization was attached to the Disclosure Statement as Exhibit "A." As the Amended Plan was not filed separately and therefore no proper service was accomplished. To the extent that an Objection to the Amended Plan is required, such objection is incorporated herein.

3. Creditor is holder of a certain Adjustable Rate Note secured by a certain Mortgage dated November 9, 2005, which Mortgage was recorded on November 21, 2005 in the office of the County Clerk of Bernalillo County, New Mexico, in Book A107, at Pages 1807, and which pertains to property located at 800 Calle Divina NE, described in the Disclosure Statement as the

"Principal Residence".

4. Creditor filed its Proof of Claim on May 6, 2020 showing that the Debtor was in arrears in the total amount of $239,195.44, with a total amount due and owing of $497,457.45. (Proof of Claim No. 6.)

5. The Plan Provides that Creditor has a Class 1 Priority Secured Claim on the Property as 50% beneficiary.

## OBJECTIONS

6. The Debtor failed to comply with the Bankruptcy Code and Rules regarding the filing and service of Plans and Disclosures along with an Order Setting the Deadline to Accept or Reject the Plan, service of that Order or a Notice of Deadline to Object or Accept Plan, and the setting of a Hearing.

7. The Proposed Disclosure Statement and attached Amended Plan are confusing, vague, and ambiguous.

8. The Plan is not confirmable and not feasible, as it is attempting to modify a loan on the Principal Residence. Additionally, pursuant to filed Operating Reports, the Plan is not properly funded.

9. The Plan is not in the best interest of the Creditors.

10. The Debtor failed to send out ballots and allow voting on the Plan.

11. Creditor is erroneously classified as 50% beneficiary of its claim.

12. The Plan does not provide that the Property will be surrendered or abandoned by the Debtor. If the Property remains property of the Estate, the Plan is not "fair and equitable" as required by 11 U.S.C. §§ 1129(b) and 1191(c):

    a. Plan does not comply with 11 U.S.C. § 1129(b)(2)(A), as it does not provide

for deferred cash payments to Creditor in any form. In addition, no indubitable equivalent is being offered, as the proceeds received from the sale of the property provided in the Plan is speculative

b. The Debtor also has not satisfied the requirement under 11 U.S.C. § 1191(c)(3) to show that he would be able to make any such payments, or that there are appropriate remedies to protect the holder to the claim or interests in the event that payments are not made. As set forth in Debtor's income projections the Debtor has no ability to make payments on the Note and Mortgage.

13. Debtor has not complied with his duties and reporting requirements under 11 U.S.C. §§1187 and 1116.

14. The Amended Plan fails to meet the basic requirements of 11 U.S.C. §1123 and cannot be confirmed as filed.

15. The Amended Plan does not comply with 11 U.S.C. §1123(a)(5), because it does not provide adequate means for the Plan's own implementation. The Liquidating Trustee under the Plan is not specified, and their compensation is not set.

16. The Amended Plan does not comply with 11 U.S.C. §1123(a)(5) because it provides no adequate protection payments to any secured creditor.

17. The Amended Plan does not comply with 11 U.S.C. §1123(a)(5) because it provides insufficient information regarding the timing of payments under the plan in relation to the sale of the property.

18. The Amended Plan fails to comply with the applicable provisions of this title as set forth herein, and therefore cannot be confirmed under 11 U.S.C. §1129(a)(1).

5021-023-BFBB map

19. The Amended Plan has not been proposed in good faith as required under 11 U.S.C. § 1129(a)(3). The Amended Plan declares that Class 1A is a fifty percent beneficiary and strips them of the right to vote, even though Creditor is entitled to one hundred percent of the secured claim and the Debtor does not cure the deficiencies due to such creditor, and its rights are not unaltered. *See* 11 U.S.C. 1124; Fed. R. Bankr. P. 3018(a). The Debtor's Amended Plan is an attempt to use the Bankruptcy Code to continue to reside in the property without making a single adequate protection payment to creditors, despite having no disposable income, and an arrearage of $239,195.44 on the mortgage on that property as of the Petition Date. *See* Claim 6. Despite repeated inquiries on this point, the Debtors have offered no explanation of why they might have any valid claim to litigate, why such continued litigation would further the purposes of the bankruptcy code, or why such litigation would benefit anyone, beyond permitting him to continue to live in the property without making payments on the mortgage. Nor is there any legitimate basis for the living allowance proposed by the Debtor. Despite the Debtor's argument in the Amended Plan, it does not fall within any exemption, and 11 U.S.C. § 1129(a)(15) does not apply in subchapter v.1 *See* 11 U.S.C. § 1181(a).

20. As discussed above, the Amended Plan discriminates unfairly and it is not fair and equitable to any creditor, classified or otherwise.

21. The Amended Plan is not fair and equitable within the meaning of those terms under 11 U.S.C. §1191(c), and cannot be crammed down, because:

    a. Treatment of secured claims under the plan does not comply with §1129(b)(2)(A), as required by §1191(c)(1);

    b. The Debtor cannot make all of the payments provided for under the Amended Plan as proposed, as required by §1191(c)(3)(A).

5021-023-BFBB map

22. An amended disclosure statement for a small business was filed on March 5, 2022 (Doc 227) (the "**Amended Disclosure Statement**"). A proposed plan is attached to the Amended Disclosure Statement as Exhibit A. The following issues, as pointed out by the U.S. Trustee in its Motion to Covert Chapter 11 Case to Chapter 7, or in the Alternative, to Dismiss (DOC 233), exist with the Amended Disclosure Statement and attached Amended Plan:

   a. The Amended Disclosure Statement and attached plan do not reflect that the Court granted relief from the stay under section 362(d)(4) of the Bankruptcy Code to DLJ Mortgage Capital, Inc.

   b. The Amended Disclosure Statement and attached plan do not provide for treatment of claims listed in Debtor's schedules which are not listed as contingent, unliquidated or disputed.

   c. The Amended Disclosure Statement and attached plan propose funding the plan through "continued and expanding operations and collection of accounts receivable." See DOC 227, p. 27. Debtor's Schedule I states that his occupation is "retired." Petition, p. 34. No accounts receivables are listed in the Petition. The Amended Disclosure Statement and attached plan list accounts receivable, without further description, in the amount of $35,558.00. Amended Disclosure Statement, Exhibit D, p. 56. Debtor also lists potential recoveries from possible adversaries as sources of funding for the plan without any description of the potential for recovery in those adversaries. Amended Disclosure Statement, pp. 27-28.

   d. The Amended Disclosure Statement and attached plan does not purport to pay creditors in full, but, in violation of the absolute priority rule, appear to

contemplate that Debtor retains ownership of his property, including property located in Oregon, which, according to the Amended Disclosure Statement, has a value of $375,000.

e. The liquidation analysis appears to be incomplete because it does not include a valuation of assets in a potential chapter 7 liquidation. As a result, it does not allow creditors to determine if they would be better off in a chapter 7 liquidation.

f. The Amended Disclosure Statement states that it is for a small business (Doc 227, p.1), but according to the petition, Debtor is not a small business (Doc 1, p. 4).

Based on the foregoing, Creditor objects to the Debtor's Disclosure Statement and attached Amended Plan, as filed and prays that the Court deny approval thereof, and for such other relief as the Court deems proper.

                                      ROSE L. BRAND & ASSOCIATES, P.C.

                                      By  */s/Elizabeth Dranttel*
                                           ELIZABETH DRANTTEL
                                           Attorney for DLJ Mortgage Capital, Inc.
                                           7430 Washington Street, NE
                                           Albuquerque, NM 87109
                                           Telephone:  (505) 833-3036
                                           Facsimile:  (505) 833-3040
                                           E-mail:  Elizabeth.Dranttel@roselbrand.com

I hereby certify that a copy of the foregoing pleading was sent via CM/ECF Filer automatic e-mail notification to the US Attorney and any party who filed a Request for Notice with the Court for electronic notification, in addition to the Attorney and Trustee listed below, and mailed by first class mailing, postage prepaid, to Debtor listed below:

Michael Jacques Jacobs     United States Trustee

5021-023-BFBB map

| | |
|---|---|
| Debtor *Pro Se* | Ilene J. Lashinski |
| 800 Calle Divina, NE | Jaime A. Pena |
| Albuquerque, NM 87113 | PO Box 608 |
| | Albuquerque, NM 87103 |
| | 505-248-6544 |

on this 4 day of April, 2022.

*/s/Michael Pierce*_____
Michael A. Pierce, Assistant Paralegal

5021-023-BFBB map